## A. SUMNER V. J. J. McFARLAN.

CONTRACT; *Agreement to Sell, Not a Sale; Possession.* Where property is delivered by the owner to a party seeking to purchase, upon the express agreement that no title shall pass until the price thereof is fully paid, and the price is not paid, the title does not pass; and such party cannot by a sale to one ignorant of the terms of such contract, transfer a good title as against the original owner.

### *Error from Cloud District Court.*

REPLEVIN, for an "American organ," brought by *Sumner.* Trial, and verdict and judgment for defendant, *McFarlan,* at the April Term 1874. *Sumner* brings the case here.

*C. W. McDonald,* for plaintiff:

The sale by Sumner to McNulty was a conditional sale only, or a contract of lease. The notes were given for use of the organ, and their payment was a condition precedent to the transfer of the title. Until the title had passed to McNulty, he could not sell and convey any title; he could convey no greater title than he had himself. By the contract itself it was expressly agreed that the title should not pass until full payment was made. This contract is not a mortgage, because the mortgagor must have title before he can execute a mortgage. Sumner has the right to retake the organ, when payment fails, even out of the hands of a third party who has innocently and in good faith come in possession of the property: 15 N. Y. 409; 3 Head, 84; 7 Yerger, 497; 15 Iowa, 277; 32 Ill. 411; 40 N. Y. 314; 3 Gray, 545; 28 Ind. 225.

*L. J. Crans,* for defendant:

In this state the policy of the law is, to protect *bona fide* purchasers in the possession of personal property purchased from a party who had the *possession* thereof. Gen. Stat. p. 583, art. 2; p. 504, §§ 3 and 4; 14 S. & R. 214; 1 Penn. St. 190; 24 Vt. 55; 1 Seld. 41.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, to recover possession of an organ; and the principal question was, as to the title to the property. The testimony of the plaintiff showed that the organ had belonged to him, and had been placed in the possession of one McNulty under and by virtue of a conditional sale. The terms of this contract were as follows: McNulty paid $25 down, and gave seven notes of $25 each. On the margin of each note was written an agreement as follows: "It is hereby agreed between the maker of this note and A. Sumner, that the organ No. 42,914, for the use of which to the maturity thereof this note is given, is and shall remain the property of A. Sumner, and that in default of payment thereof said organ shall be returned to said Sumner, his agent or attorney." It appeared that the $25 cash was paid upon the same agreement, and that none of the notes had been paid. Demand was duly proved. On the part of the defendant it was shown that he bought the organ of McNulty, and knew nothing of the agreement between McNulty and plaintiff. All the testimony is preserved in the bill of exceptions. Upon this testimony the court charged as follows:

"The question for you to decide is, whether McFarlan knew the contract between McNulty and Sumner. If you believe that McFarlan did know of such contract, you must find for the plaintiff. If he did not, you must find for the defendant."

In this instruction the court erred. The contract between Sumner and McNulty was a valid one, and by it no title passed to the latter until the payment of these notes. Having no title, he could convey none; and the mere fact of his possession gave him no power to pass title as against plaintiff. See 1 Parsons on Contr. p. 449, and cases cited in notes. The fact that McFarlan was ignorant of Sumner's title, will not defeat it. For possession, though *prima facie* evidence of title, is *only prima facie*, and subject to be overthrown by

39—15 KAS.

other testimony. And to acquire title, purchase must be made from the owner, or one authorized to sell. •

Neither the statute of frauds, (Gen. Stat. 504, §§ 3 and 4,) nor the chattel-mortgage act, (Gen. Stat. 584, § 9,) helps the defendant; for § 3 refers to a sale unaccompanied by possession, and § 4 to a loan, with possession continued for five years; and there was no transfer of title, with chattel-mortgage to secure the price, but simply a conditional sale, with the condition unperformed.

The judgment must be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.