Hallowell v. Milne.

## C. HALLOWELL v. W. D. MILNE.

1. CONDITIONAL SALES; *When Title Remains in Vendor*. When goods are sold at a fixed price to be paid thereafter, and delivery is made upon the express condition that until the price is paid the title is to remain in the vendor, payment is a condition precedent, and until made the property is not vested in the purchaser; and the latter cannot, by a sale to even a *bona fide* purchaser, divest the title of the original owner.

2. ———— Where by express agreement between S., the owner of a wagon, and R. and H., the owner of the wagon sells it, receiving in payment therefor the note of R., with H. as security, and the title to the wagon is to pass to and remain in H. until the payment of the note by R., and the wagon is delivered to and used by R., *held*, that the latter has no title to the property until the payment by him of the note, and that until that time he cannot, by a sale to even a *bona fide* purchaser, divest H. of the title.

3. REPLEVIN; *Several Chattels; General Verdict; Error; Practice*. Where in an action of replevin for the possession of several separate chattels, tried before a jury, a general verdict is returned and judgment rendered in favor of the plaintiff for the possession of all the chat-

tels, and it appears that the district court erred in its instructions as to the validity of the plaintiff's title to one, but committed no other error, this court must set aside the entire verdict and judgment, and remand the case for a new trial, and cannot divide the judgment, and, reversing as to the one chattel concerning which the error was made, sustain it as to the others.

*Error from Washington District Court.*

REPLEVIN, brought by *Milne*, as plaintiff, and as owner of the property, to recover the possession of a span of mules and a double-wagon. *Hallowell*, defendant, claimed title in himself. Trial at the December Term 1874. The facts, and the instructions complained of, appear in the opinion. Verdict for plaintiff, and defendant brings the case here on error.

*J. W. Rector*, for plaintiff in error.

*Joseph G. Lowe*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin for the possession of a wagon and team. The testimony disclosed these facts: One George W. Reedy occupied a farm of plaintiff in error as a tenant, and had in his possession this team and wagon. He took them to Missouri and there sold them to defendant in error. And the question presented was, as to Reedy's title, and right to sell. So far as the team is concerned no point is made by counsel for plaintiff in error, further than that the verdict is against the evidence. But as to the wagon, he claims that an instruction given was erroneous. It appeared that the wagon was bought from one Snyder by Reedy; that in payment therefor Reedy gave his note, with Hallowell as security, and that this note had never been paid by Reedy. There was testimony tending to show that this was the entire extent of the transaction as between these three parties. There was also testimony tending to show that Hallowell declined to sign the note as surety until he was protected, and that by agreement between the three the title in the wagon was to pass to Hallowell and remain

in him until the note was paid by Reedy. Upon these facts, at the instance of plaintiff, the court gave this instruction:

"If the jury find that Geo. W. Reedy purchased the wagon in question of T. B. Snyder, and that defendant Hallowell was security for said Reedy to said Snyder for the payment of the purchase-money for said wagon, then they will find for plaintiff; and it can make no difference whether said Hallowell was to own said wagon until the same was paid for or not, provided said Reedy retained possession of said wagon."

It also, at the instance of defendant, gave this instruction:

"If the jury find from the evidence that Reedy bought said wagon, and that Hallowell went on the note as security on condition that Reedy was to deliver the wagon to him to remain Hallowell's property until Reedy paid said note, then said sale was only conditional, and the wagon remained Hallowell's property until Reedy paid said note."

The instruction first quoted plaintiff in error insists was erroneous; and with this we are inclined to agree. By the mere signing the note as surety, of course Hallowell obtained no interest in or title to the property; and whether the note was paid or not, Reedy would have had full power to sell and pass a good title. But something more is involved here. By agreement the title was to pass to Hallowell, (at least that is the assumption in the instruction,) and so remain until the price was paid. The consideration for such agreement was ample, and the power to make it unquestioned. The transaction is the same as though Hallowell had owned the property in the first place, and delivered it to Reedy upon an agreement that the title should pass to him when (and only when) he paid the price therefor. It is no more nor less than a conditional sale. The vital question in all such cases is, the location of the title. Here it was located in Hallowell; and Reedy not having it, could not (Hallowell being guilty of no laches) transfer it to one, even though he were an innocent purchaser. We have had the question of conditional sales recently before us in the case of *Sumner v. McFarlan*, (15 Kas. 600,) and no further comment thereon is needed. See also Benjamin on Sales, Am. ed., § 320, and notes.

This case having been tried by a jury, and a general verdict rendered, we cannot permit the judgment to stand as to part of the property, and reverse it as to the rest, but must simply remand the case with instructions to grant a new trial.

All the Justices concurring.