J. C. HALL, *et al.*, v. WARREN DRAPER, *et al.*

1. CONDITIONAL SALE OF CHATTELS; *Vendor May Restrict Use of Chattel to a Particular Place.* Where A., making a conditional sale of a chattel to B., stipulates in the contract that the title shall remain in A. until payment of the price, that upon non-payment possession shall be restored to him, and that it shall not be removed from a given place, finds that without his knowledge or consent B. has sold the chattel to C., who has removed it many miles away from the said place, he may before 'the expiration of the time for payment recover the possession in an action of replevin.

2. REPLEVIN; *Demand.* Where A., the vendor in the case above stated, states to C. that he is the owner, and that the property was not to be removed from the specified place, and C. replies that he has bought it from B., that he should keep it, and would not give it up, *held,* that this was sufficient demand, if demand were necessary, to maintain replevin for such property.

*Error from McPherson District Court.*

REPLEVIN, brought by *Hall* and two others, partners as *Hall, Waite & Co.*, against *Draper* and wife, to recover a Smith American organ, originally delivered by plaintiffs to one Leveridge upon a conditional sale to him. Defendants claimed title in themselves, under a pretended sale made by Leveridge. Trial at May Term 1877, of the district court. Verdict and judgment for defendants, and plaintiffs bring the case here.

*Cunningham & McCarty,* for plaintiffs, contended, that the only right or interest Leveridge had in the organ was, to take it into his possession and keep it at Holden. This organ being the plaintiffs' property they had a right to direct into whose possession it should go, and where it should be and remain. The plaintiffs being still the owners of the organ, no one could obtain any right of ownership or possession except through them, and the qualified right of possession given to Leveridge did not authorize him to transfer that or any other right to the defendants. "The owner of property is

10 — 20 KAS.

not bound by a sale made in a mode different from that which he has authorized and not for his benefit." 42 N. H. 244; 8 Greenl. 32; 4 Denio, 323; Hilliard on Sales, 32. The conditional vendee is, until condition performed, in the nature of a bailee for hire; and the instant he sells the property to another party he terminates by his own wrongful act the bailment, and the right of possession vests in the conditional vendor; (8 N. H. 325; 1 Cush. 536; 109 Mass. 53;) and replevin can be maintained. 9 Pick. 157.

2. No demand was necessary. This property belonged to the plaintiffs; defendants obtained possession of it without plaintiffs' consent, and held it wrongfully. (16 Kas. 43; 17 Ark. 154; 11 Me. 28; 1 Cush. 536.) But if a demand was necessary, a sufficient demand was made, not only of Geary, who transferred the possession to Draper, but of the defendants also.

*J. J. Barker,* and *D. W. Poe,* for defendants, maintained, that the parties to the contract stipulated that in one certain contingency the vendors should be entitled to retake the organ; and under the familiar doctrine of *expressio unius, est exclusio alterius,* it must be construed that that thing, and that alone, would entitle the plaintiffs to maintain replevin. This conditional sale is in the nature of a proviso in a mortgage. The mortgagor would retain possession until default deprived him of the right of possession; and *a fortiori* the plaintiffs in error could not maintain replevin until default of payment. 12 Kas. 149; 23 Vt. 279; 5 Ohio St. 192; 1 Smith's Lead. Cases, 659.

2. The possession of defendants was lawful. They had the same rights that Leveridge had, and a demand was necessary before the action was begun, because by the terms of the contract the plaintiffs in error had nothing more than a reversionary interest in the organ in controversy. There was no demand before bringing the action. The affidavit and undertaking were filed, and summons and order of replevin were issued, before any demand was made upon defendants, and that was too late.

The opinion of the court was delivered by

BREWER, J.: The facts in the case are briefly as follows: On the 14th of September 1875, one B. F. Leveridge, who then resided at Holden, Butler county, in this state, purchased of the plaintiffs in error a certain organ which was the subject-matter of the replevin suit in the court below, and Leveridge gave to his vendors a certain note and contract when he took possession of the organ. Such note is as follows:

$200.                         HOLDEN, SEPT. 14th, 1875.

One year after date, I promise to pay to the order of Hall, Waite & Co., two hundred dollars, on presentation of this note at First National Bank, Emporia, Kas., for value received, with.................., and ten per cent. fees if collected by suit. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note, without relief from valuation and appraisement laws.

This note is the property of Hall, Waite & Co., and cannot be assigned, indorsed, or a payment allowed on it, except by their representative in Emporia, Kas.; and no contract, verbal or written, made by any other agent or person in regard to it, differing from the import hereof, will be valid.

It is agreed and understood between the makers, indorsers, and payee of this note, that the American Organ, No. 68,672, for the use of which, to the maturity hereof, this note is given, is and shall remain the property of Hall, Waite & Co., until all notes executed by the undersigned for rent are paid in full, and is not to be removed from Holden without consent of said Hall, Waite & Co.; and that in default of payment, said organ shall be restored to them or their agent in good order, when demanded in writing by said Hall, Waite & Co.                         B. F. LEVERIDGE.

Indorsed on the back, "Sept. 14th, 1875, Cr. by Cow, $35.00."

Before the expiration of the year, and without the knowledge or consent of plaintiffs, Leveridge sold and delivered the organ to one James Geary, and left the state. James Geary removed it from Holden to Newton, and thereafter in the night-time to McPherson county, some thirty or thirty-five

miles distant, and placed it in the possession of defendants, from whom it was taken by these replevin proceedings. Can this action be maintained? Defendants say that by the very terms of the contract possession was to be restored only on default in payment, that no default had been made, and therefore the plaintiffs had no right of possession. *Expressio unius, exclusio alterius.* We do not so construe the contract; and in order to a proper understanding of its terms, the relative situation of the parties must be borne in mind. Leveridge was *not* the full and absolute owner except so far as he had granted away his rights by this contract, but on the other hand Hall, Waite & Co. *were* such owners. The title, and all the rights of control and possession flowing from title, were theirs, except as in terms restricted by the contract. The only limitations upon their full control of the organ were those created by this instrument; and the only rights Leveridge had were those obtained by it. In this respect such a conditional sale differs from an absolute sale with a mortgage back. In such case the vendee has everything except as limited by the terms of the mortgage. Here he has nothing except as expressed in his contract. The inquiry therefore is, not whether Leveridge had agreed to forfeit his rights in case of a removal from Holden, but whether Hall, Waite & Co. had restricted such removal. Had they granted the right to use it *anywhere?* or only in *Holden?* If they had granted the right to use it, and said nothing about the place of user, doubtless the conditional vendee would have a right to move it from place to place. But they had the right to restrict its use to a single place. They exercised that right, and restricted the use to Holden. And finding it anywhere away from Holden, they had a right to resume that possession which is an incident to ownership, and the right which they had divested themselves of only for a particular place. Such a restriction as this is often absolutely essential to the protection of the vendor. Selling to an insolvent person, if such vendee has during the time for payment unlimited license to move it from place to place, the vendor's right of possession on fail-

ure of .payment may become as valueless as the note of the vendee.   But whatever may have been their reasons, they had only granted away the right of possession at Holden.   The vendee, and those claiming under him, having broken the contract, cannot now claim the benefit of it.   Theirs was the first breach.   They are here claiming rights under a contract which they have broken.   We think they are concluded by its terms, and that this action can be maintained.

So far as the matter of demand is concerned, the proof was ample.   Geary, under whom defendants claim, stated to one of the plaintiffs who had called upon him and told him of plaintiffs' claim of ownership, "that he had bought it of Leveridge and should keep it, and would not give it up." After that there was no need of any formal demand of delivery.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.