Prentiss Tool and Supply Company, Respondent, *v.* Frank G. Schirmer, as Sheriff, etc., Appellant.

By a contract of sale of certain machinery and material to be used in the manufacture of goods, the title was to remain in the vendors until the property was paid for ; the purchaser was given the privilege of selling the goods manufactured from such material, on condition that the proceeds be applied in payment of the purchase price. Said goods were sold and proceeds applied as agreed. Thereafter the purchaser of the machinery contracted a debt and, in an action to recover the same, the machinery was attached and sold. At the time of the levy part of the purchase money remained unpaid. In an action by the vendor for conversion, *held,* that the agreement constituted no fraud upon the creditors of the purchaser and was valid ; that the permission to manufacture and sell, coupled with the condition as to application of the proceeds, did not impair the rights of the vendor.

F., the vendee had contracted to manufacture certain castings for a customer for $240 ; she executed a bill of sale of said castings to plaintiff as payment upon a debt of $310; at the time some work remained to be done to complete the castings and they were left in the possession of F., to be completed. Before completion and while this work was in progress they were levied upon by defendant under the attachment. *Held,* that while under the statute the transfer although absolute, was presumptively fraudulent as against the attaching creditors, by reason of the fact that there was no actual change of possession (2 R. S. 136, § 5), the evidence fully repelled the statutory presumption and the trial court was justified in refusing to submit the question of fraud to the jury.

(Argued December 13, 1892; decided December 23, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 8, 1892, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court and also affirmed an order denying a motion for a new trial.

This action was for conversion.

The contest relates to the title to certain machinery and brass castings which were in the possession of Cora E. Florence on the 17th day of September, 1890, on which day they were levied upon by the defendant, sheriff of

the county of Westchester, under an attachment issued in an action commenced by Donnelly & Co., to recover a debt owing to that firm by Cora E. Florence, and subsequently sold by the sheriff under execution upon a judgment recovered in that action.

The facts in respect to the plaintiff's title are undisputed.

Prior to November, 1889, Charles Florence and two other persons established a business known as the "Yonkers Brass Works," and purchased the machinery used in the business from the plaintiff on credit. The premises on which the business was carried on were situated in Yonkers, and a fire took place therein and the business of the company was suspended, it being indebted to the plaintiff in the sum of $1,700 or $1,800. The company seems to have become embarrassed and it sold back the machinery and property remaining after the fire, to the plaintiff. In November, 1889, the plaintiff sold the plant, embracing machinery and some brass and materials used in the brass business to Cora E. Florence, conditionally for the sum of $1,123.45, on credit, the condition being that the title to the machinery should remain in the plaintiff until the purchase price was fully paid, and an instrument was executed in writing between the parties expressing the agreement.

There were embraced in the articles sold brass and other material of the value as fixed in the agreement of about $390, which it was contemplated would be used in the manufacture of brass articles by the purchaser, and would be sold by her in the course of the business, and it was verbally arranged between her and the plaintiff that she might sell the articles so to be produced from such materials and apply the proceeds of the sale on the plaintiff's debt, which was done and the plaintiff received about $340 from this source, and this took place before she had become indebted to Donnelly & Co.

The machinery embraced in the sale of November, 1889, was attached and sold by the defendant under the process in the action of Donnelly & Co., heretofore referred to. There was due to the plaintiff from Cora E. Florence at the time of

the attachment and levy in the suit of Donnelly & Co., under the instrument of November, 1889, and for other machinery sold on the same conditions, the sum of $1,123. The value of this machinery constitutes one of the items for which a recovery was had in this action.

The plaintiff also claimed to recover the value of certain brass castings, to which it claims title under a bill of sale executed by Cora E. Florence, September 15, 1890, which had been manufactured by her for the Rand Drill Company, and for which the latter company were to pay her, when finished, the sum of $240. On the day mentioned (September 15, 1890), the plaintiff also had a debt of open account against Cora E. Florence of $310.

The bill of sale referred to was absolute in form and purported to transfer the unfinished castings to the plaintiff. There was no actual change of possession of this property prior to the levy of the attachment of Donnelly & Co., on the morning of September 17, 1890. But it appears that work to the amount of ten or twelve dollars in value was required to finish the castings, and they were left on the premises for the purpose of having this work done, and an employee of Mrs. Florence was engaged in finishing them for the plaintiff at the time of the levy.

There was no controversy as to the fact that the indebtedness claimed by the plaintiff was justly due and owing, nor as to the *bona fides* of the transactions between the plaintiff and Mrs. Florence, except that the defendant claimed that the conditional sale of machinery embraced in the instrument of November, 1889, was fraudulent as to the creditors of Mrs. Florence by reason of the verbal permission given her to sell the articles to be manufactured from the brass and materials embraced in that instrument, and in respect to the sale of castings under the bill of sale of September 13, 1890, it was claimed that it was a mortgage, and not having been filed was void, or if intended as an absolute sale, the sale was fraudulent under the statute by reason of the fact that there was no change of possession of the goods sold.

The judge refused to permit the defendant to go to the jury on the question of fraud, but confined the jury to the question of the value only of the goods levied upon and sold by the defendant.

Other facts appear in the opinion.

*Ralph E. Prime* for appellant. The bill of sale signed " C. E. Florence, by Charles Florence, attorney," is the only instrument by which plaintiff could make any show of title to the brass couplings and castings which the sheriff sold, and which plaintiff claims in this action. No transfer of possession was made of the property described in it, and hence under the statute it is presumptively fraudulent and void, and the same statute makes such a sale conclusive evidence of fraud, unless it is made to appear by the parties claiming under such sale, that it was in good faith and without intent to defraud creditors. (2 R. S. 136, § 5; *Hodge* v. *City of Buffalo,* 1 Abb. [N. C.] 356; *Gildersleeve* v. *Landon,* 73 N. Y. 609.) The last-mentioned bill of sale expressed a consideration of one dollar only, and was not an absolute sale for a stated consideration or otherwise, but was, as claimed, to secure a pre-existing debt, the surplus to be returned to the mortgagor, and hence was a mortgage, and not being filed, was absolutely void as against the creditors of the mortgagor. (2 R. S. 136, § 9.) This right to sell and use up; the power to sell the property; the understanding of the parties that the property was to be sold and used up; and the fact that it was sold and used up pursuant to that understanding, go to show that the debtor was invested with power as to that property, which power was inconsistent with the idea of a conditional sale, and a title remaining in the vendor. (*Frank* v. *Batten,* 49 Hun, 91–96; *Ludden* v. *Hazen,* 31 Barb. 650; *Fitzgerald* v. *Fuller,* 19 Hun, 180; *Goldsmith* v. *Levin,* 8 N. Y. S. R. 313; *Develin* v. *O'Niel,* 6 Daly, 305; 68 N. Y. 622; Note to 22 Abb. [N. C.] 335; *L. P. Co.* v. *Johnson,* 4 S. W. Rep. 342; *W. Co.* v. *Carman,* 9 N. E. Rep. 707.)

*John M. Perry* for respondent.   2 Revised Statutes, 137, section 4, which makes fraud a question of fact, does not in all cases entitle the party alleging fraud to go to the jury (*Bulger* v. *Rossa*, 119 N. Y. 459; *McCullar* v. *McKinley*, 99 id. 353; *Swarthout* v. *Merchant*, 47 Hun, 106.)   The trial judge was right in not submitting the question of fraud to the jury, as there was no evidence that would have justified the jury in finding fraud if the question had been submitted. (*Preston* v. *Southwick*, 118 N. Y. 150; *Bulger* v. *Rossa*, 119 id. 459, 464; *Dwight* v. *G. Ins. Co.*, 103 id. 341, 358; *I. Co.* v. *Munson*, 14 Wall. 442; *Powers* v. *N. Y. C. R. R. Co.*, 60 Hun, 19.)   The presumption created by 2 Revised Statutes, 136, section 5, was overcome by plaintiff.   No evidence in support thereof was educed by defendant.   A direction by the court was therefore proper.   (*Hanford* v. *Artcher*, 4 Hill, 301; *Hall* v. *Tuttle*, 8 Wend. 375; *Divver* v. *McLoughlin*, 2 Wend. 596; *Smith* v. *Acker*, 23 id. 653; *Bissell* v. *Hopkins*, 3 Cow. 166; *Bulger* v. *Rossa*, 119 N. Y. 464.)   As there is no statement in the case that it contains all the evidence, appellant is not entitled to have the exceptions he relies upon reviewed in this court.   (*Price* v. *Keys*, 1 Hun, 177; *Arnstein* v. *Haulenbeck*, 34 N. Y. S. R. 297; *Claplin* v. *Flack*, 36 id. 728.)

Andrews, J.   The sole point presented by this appeal is whether the question of fraud in respect to the title claimed by the plaintiff to the machinery embraced in the conditional sale of November, 1889, and to the castings embraced in the bill of sale of September 15, 1890, should have been submitted to the jury.

The fact that the plaintiff owned the property embraced in the conditional sale to Cora E. Florence in November, 1889, at the time of that sale, is undisputed; nor is there any question that a large part of the purchase money of the machinery was unpaid at the time of the levy of the attachment, September 17, 1890.   The title to the machinery was, by the terms of the instrument of November, 1889, to remain in the plain-

tiff until paid for. This was a valid arrangement and constituted no fraud upon the creditors of Cora E. Florence. (*Cole* v. *Mann*, 62 N. Y. 1.) The instrument seems to have been filed in the clerk's office of the city of Yonkers, November 30, 1889, but no filing was necessary under chapter 315 of the Laws of 1884, as against creditors of the vendee. It is not important, therefore, to inquire whether the instrument was filed in the proper office under the terms and for the purposes of that statute. The fact that the vendee was permitted to manufacture the materials embraced in the instrument and sell the manufactured articles, upon condition that the proceeds of the sale should be accounted for and paid to the vendors to apply upon the purchase price of the property, did not impair the rights of the vendor under the instrument of November, 1889, or render it void as to creditors of the vendee. (*Cole* v. *Mann, supra; Brackett* v. *Harvey*, 91 N. Y. 214.) The proceeds of the sale were in fact applied as provided in the oral arrangement, and this had been done before the debt to Donnelly & Co. had been contracted. We are unable to find that any fact was proved or was inferable from the evidence which raised any question for the jury as to the title of the plaintiff to the machinery levied upon by the sheriff.

The instrument of December 15, 1890, if a mortgage, was void as against the attachment creditor, because not filed before the levy of the attachment. (Laws of 1883, chap. 279, § 1.) There was no change of possession of the property embraced therein, and if that instrument was intended as a mortgage and not as an absolute transfer of the property, the defendant was entitled to direction in his favor as to the part of the goods taken by him included therein. So, also, if the evidence created a doubt whether the instrument was intended as a security merely, and not as an absolute transfer, that question should have been submitted to the jury. But while the word "security" was used by the plaintiff's witnesses in describing the transaction which was evidenced by the instrument, a perusal of the whole evidence leaves no

doubt of its actual character. The instrument purported to be an absolute transfer. The castings embraced therein then in the course of manufacture were being made to fill an order given to Cora E. Florence by the Rand Drill Company, for which she was to receive the sum of $240. The work upon them was nearly completed, and their completion would require an expenditure of $10 to $12 only. The unsecured debt to the plaintiff from Cora E. Florence on open account was $310. There could be no surplus coming to her out of the property after payment of this debt. The circumstances leave no doubt that the instrument of September 15, 1890, was intended as an absolute transfer to the plaintiff of the castings to apply on the plaintiff's debt. Treating it as an absolute transfer the sale was nevertheless presumptively fraudulent as against the attaching creditors by force of the statute, by reason of the fact that there was no delivery of the goods to the vendee and no actual change of possession (2 Rev. St. 136, § 5), which presumption was conclusive unless it was made to appear on the part of the plaintiff that the sale was made in good faith and without any intent to defraud creditors or purchasers.

The defendant insists that the question of fraud based upon the absence of delivery or change of possession of the goods sold, should have been left to the jury. The presumption which the statute creates may be overcome by evidence of the fairness of the transaction. The evidence to establish the *bona fides* in such a case may be weak or strong, and it may be of such a persuasive character, resting upon uncontradicted evidence, that a court could say that the presumption was overcome, and direct a verdict. Where the evidence is such that admitting the presumption raised by the statute, it is so completely rebutted that a verdict finding the fraud would be set aside, then the statute " does not as now interpreted interfere with the jurisdiction of the court to direct a verdict." (*Bulger* v. *Rosa*, 119 N. Y. 459.) The evidence in this case fully repelled the statutory presumption. The debt to the plaintiff was unquestioned. The value of the property was

considerably less than the debt. The castings were being finished up and required an expenditure of a few dollars to make them deliverable upon the contract with the Rand Drill Company, and would be presumably of little value for any other purpose. They were left on the premises and in the legal possession of Cora B. Florence, to enable a workman to complete them, and were attached within two days after the bill of sale was executed and while the workman was engaged in finishing them. None of these facts were disputed on the trial, and on the whole evidence a case was furnished which we think justified the court in refusing to submit the question of fraud to the jury.

It is claimed, however, that some of the material facts were proved only by the testimony of the plaintiff's manager and that his credibility could not be assumed by the court, because of his interest, and that of his credibility the jury was the sole tribunal authorized to pass upon it. There is not the slightest ground of suspicion of the truth of any of the material facts in the case. The only fact relied upon by the defendant to impeach the instrument of November, 1889, was disclosed by the testimony of the manager and related to his permission to Cora E. Florence to use the materials embraced in that conditional sale, and sell the manufactured articles, and render the proceeds to be applied on the purchase money. If this testimony is stricken out, nothing whatever is left upon which any claim could be made affecting the title of the plaintiff to the machinery which constitutes the main item in the judgment. Taking the whole proceedings as disclosed by this record, the just inference is that no question was raised as to the credibility of the plaintiff's manager, and that the truth of his testimony was assumed. The point upon which the request to go to the jury as to the bill of sale of September 15, 1890, was based, was the statutory presumption of fraud, by reason of nondelivery and retention of possession of the property embraced therein, and as to the property embraced in the instrument of November, 1889, that the permission given to

the vendee to sell made the title to the other property therein void as to creditors, or.that the jury might so find.

We think the trial judge was justified in directing a verdict and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.