THE STANDARD IMPLEMENT COMPANY v. THE PARLIN & ORENDORFF COMPANY.

1. CONDITIONAL SALE—*When Title Passes.* "Where the buyer is by the contract bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer." (Benj. Sales, Bennett's 6th ed., ¿ 320.)

2. ———— *Rights of Vendor.* Where a party obtains from another the possession of personal property, consisting of agricultural implements, wagons, and buggies, under a written contract that he will hold the same in trust for the benefit of and subject to the order of the owner thereof until fully paid for, and that, if any sales are made by him of the property, he will hold the proceeds, whether in cash, notes, or book accounts, in trust for and subject to the order of the vendor; and subsequently, without the knowledge or consent of the vendor, he executes and delivers a chattel mortgage upon the property to another creditor to secure an old and prior indebtedness, and the mortgagee does not pay or loan any money on account of such personal property, and does not give the mortgagor any credit on account of his possession of the same: *Held,* That such vendor, in a proper action, may reclaim the same from such a mortgagee, if the latter has the possession thereof.

*Error from Barber District Court.*

ON the 15th day of April, 1889, the *Parlin & Orendorff Company* brought an action in replevin against the *Standard Implement Company,* L. M. Spencer, A. N. Spencer, and J. N. Eastwood, to recover possession of certain personal property, valued at $2,205.05. The property was recovered under the

writ and delivered to that company. Issue was joined between the plaintiff and the defendant the Standard Implement Company. On the 17th day of April, 1889, the Parlin & Orendorff Company commenced another action in replevin against the same defendants, to recover possession of certain other personal property, valued at $153. The property was taken under the writ and also delivered to that company. Issue was joined with the defendant the Standard Implement Company. On the 29th of November, 1889, the two cases were consolidated by agreement of parties and tried as one action. The actions arose out of the facts connected with the failure of L. M. Spencer, of Kiowa, Barber county. The goods in controversy had been delivered by L. M. Spencer to the Standard Implement Company upon a $3,000 mortgage and a $4,300 mortgage. That company claimed the right of possession of the goods by reason of their chattel mortgages and the delivery under them. The Parlin & Orendorff Company claimed to be entitled to the possession of these goods, for the reason that they were obtained by Spencer upon written contracts, by the terms of which the title remained in that company. That company also claimed that the chattel mortgages given to the Standard Implement Company were not executed in good faith and were fraudulent.

The cause was tried by a jury, which returned a general verdict in favor of the Parlin & Orendorff Company. Judgment was rendered accordingly. The *Standard Implement Company* excepted, and brings the case here.

*Overstreet & Denton,* and *R. O. Boggess,* for plaintiff in error.

*E. Sample,* and *Chester I. Long,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: If the contracts under which L. M. Spencer received the goods in dispute from the Parlin & Orendorff Company were conditional sales only, or if, under the contracts, that company could reclaim the goods, then, in

any event, the judgment of the trial court must be affirmed. The provision of the contracts referred to reads:

"All goods, and the proceeds of all sales of goods, received under this contract, whether the proceeds are in notes, cash, or book accounts, we agree to hold, as collateral security, in trust and for the benefit of, and subject to the order of, the Parlin & Orendorff Company, until we have paid in full, in cash, all our obligations due the Parlin & Orendorff Company."

It is held in *Hallowell v. Milne,* 16 Kas. 65, that when goods are sold at a fixed price to be paid thereafter, and delivery is made upon the express condition that until the price is paid the title is to remain in the vendor, payment is a condition precedent, and until made the property is not vested in the purchaser. (*Sumner v. McFarlan,* 15 Kas. 600; *Hall v. Draper,* 20 id. 137; *The State v. Spencer,* 43 id. 114; *Baring v. Galpin,* 18 Atl. Rep. [Conn., 1888] 266; 23 Am. Law Review, 1011; *Moors v. Kidder,* 12 N. E. Rep. [N. Y. App. 1887] 818; *Coggill v. Railroad Co.,* 3 Gray, 545; *Mack v. Story,* 57 Conn. 407; *Harkness v. Russell,* 118 U. S. 663; *Ballard v. Burgett,* 40 N. Y. 314.)

At the time of the execution of the mortgages by L. M. Spencer to the Standard Implement Company, that company did not pay or loan any money to L. M. Spencer on account of the mortgages or the property described therein, as the mortgages were given to secure $4,300 of an old and a prior indebtedness. It does not appear from any of the evidence that the Standard Implement Company gave L. M. Spencer any credit on account of the goods obtained from the Parlin & Orendorff Company. Therefore, upon the facts disclosed, we think the Parlin & Orendorff Company was entitled, under the contracts, to reclaim the goods from the Standard Implement Company. (*The State v. Spencer,* supra; Benj. Sales, § 320 [Bennett's 6th ed., 1892]; *Baring v. Galpin,* supra; *Moors v. Kidder,* 106 N. Y. 32; *Sargent v. Metcalf,* 5 Gray, 306; *Coggill v. Railroad Co.,* supra.)

We are referred to *Van Duzor v. Allen,* 90 Ill. 499, hold-

ing that attaching creditors, without notice, are preferred to the original vendor; but the decisions of the supreme court of Illinois upon this subject are against the great weight of authority, and the reasoning of that case and other similar Illinois cases is not satisfactory. (Benj. Sales, 6th ed., 285, 286.) The statute of May 25, 1889, for the deposit of contracts for conditional sales in the office of the register of deeds, did not affect the parties. Their rights accrued prior to that statute going into force. (Laws of 1889, ch. 255.)

The complaint that the court left to the jury the legal effect of the contracts does not avail. While it is the duty of a court to give the construction of written contracts offered in evidence, yet if the verdict shows that the jury must have placed a correct construction upon them, there can be no reversal for that cause. (*Insurance Co. v. Curran,* 8 Kas. 10; *Akin v. Davis,* 11 id. 580.)

The judgment of the district court will be affirmed.

All the Justices concurring.