JOHN DEERE PLOW COMPANY v. JOHN GORMAN.

No. 617. (59 Pac. 177.)

CONTRACT OF SALE—*Pleading.* Where, in an action brought to recover the purchase-price of goods, it clearly appears from the petition that the contract sued upon was an executory contract, such petition does not state facts sufficient to constitute a cause of action.

Error from Kingman district court; G. W. McKAY, judge. Opinion filed December 15, 1899. Affirmed.

*F. F. Prigg,* for plaintiff in error.
*Martin & Roberts,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This was an action brought in the district court of Kingman county by plaintiff in error against defendant in error to recover the sum of $250 for a certain corn-sheller and the additional sum of $12.50 for freight. Defendant demurred to plaintiff's petition upon the ground that it failed to state facts sufficient to constitute a cause of action. The court

sustained the demurrer, and plaintiff in error complains of the ruling and brings the case here for review.

We think that the court properly sustained the demurrer. Paragraph 2 of the contract of sale attached to the petition provides : '' That title to said goods shall not pass until settlement is concluded and accepted by John Deere Plow Company.''

Plaintiff alleges in its petition that '' defendant refused to pay for said goods as provided in said contract, . . . and has failed and neglected to pay one-half of said freight, as by said contract provided.'' We think that the allegations of the petition clearly show that the agreement was an executory contract, and this being true, the plaintiff could not, therefore, maintain an action for the purchase-price of the goods. (*Hallowell v. Milne*, 16 Kan. 65 ; 21 A. & E. Encycl. of L. 598, and cases there cited.)

We have examined the case of *Dustan v. McAndrew*, 44 N. Y. 72, and other authorities cited by plaintiff in error in support of the proposition advanced in his brief that the vendor of personal property, in a suit against the vendee for not taking and paying for property, may retain the property for the vendee and sue him for the purchase-price, but the weight of authority is against the doctrine therein laid down.

We have carefully considered other questions discussed in plaintiff in error's brief, but we are not convinced that the district court erred in sustaining the demurrer to the petition of plaintiff, and the judgment of said court will therefore be affirmed.