### In re PIERCE.

(Circuit Court of Appeals, Eighth Circuit. October 19, 1907.)

#### No. 75.

1. SALES—CONDITIONAL SALE—VALIDITY OF CONTRACT.

A provision in a contract of conditional sale of goods to a dealer giving him the right to resell in the usual course of business does not destroy the title reserved in the seller before there has been a resale to a third person.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1352.]

2. BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—CONDITIONAL SALE CONTRACT.

Under Rev. Codes N. D. 1899, § 4732, providing that, unless recorded, contracts reserving title to personal property as security for the purchase money shall be void "as to subsequent creditors without notice and purchasers and incumbrancers in good faith," the failure to record such a contract does not render the reservation void as against the trustee in bankruptcy of the purchaser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 199.]

On Petition for Review.

Arthur Lesuer (B. H. Bradford and C. J. Murphy, on the brief), for petitioner.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The trustee in bankruptcy complains of an order of the District Court confirming an order of the referee directing the delivery to the Rock Island Plow Company of certain farm implements and machinery which it claimed to own under a reservation of title in a contract of conditional sale made with the bankrupt. It is not denied that the bankrupt obtained the property by virtue of the contract, and that the trustee has possession. The questions are: Is the contract one of conditional sale? If so, is it void as to the trustee because it was not filed with the register of deeds? There is a provision in the contract expressly reserving title in the plow company until payment of the purchase price; and the purchase price has not been paid. But the trustee says the sale was absolute, not conditional, because the bankrupt, a merchant, was authorized to resell the property in the usual course of his business. The prevailing rule, however, is that this does not destroy the title reserved by a vendor, at least before there has been a resale to a third party. The title to the articles unsold remains in the vendor until the purchase price is paid. Lewis v. McCabe, 49 Conn. 141, 44 Am. Rep. 217; Rogers v. Whitehouse, 71 Me. 222; Armington v. Houston, 38 Vt. 448, 91 Am. Dec. 366. In the latter case the understanding was that the vendee might use the goods for family consumption. See, also, Swofford Bros. Dry Goods Co. v. Bryant (C. C. A.) 153 Fed. 841, and cases cited. Our attention has not been called to any contrary rule in North Dakota, where this controversy arose. The other provisions of the contract pointed to as indicating an absolute sale to the bankrupt instead of a conditional one need not be mentioned. They are not unusual in contracts of conditional sale, and do not affect or impair the clear reservation of title in the vendor until the actual payment of the agreed price. Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828.

The contract was not filed with the register of deeds. Section 4732 of the Revised Codes of North Dakota of 1899, provides that:

"All reservations of the title to personal property as security for the purchase money thereof shall, when the possession of such property is delivered to the vendee, be void as to subsequent creditors without notice and purchasers and encumbrancers in good faith and for value unless such reservation is in writing and filed and indexed the same as a mortgage of personal property."

In Thompson v. Armstrong, 11 N. D. 198, 91 N. W. 39, it was held that the failure to file a contract of conditional sale as required by the statute did not operate as between the vendor and purchaser to transfer title to the latter. The trustee in bankruptcy is neither a subsequent creditor without notice nor a purchaser or incumbrancer in good faith and for value. His rights are the rights the bankrupt had (York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782), and according to the local law, which is controlling in this particular, the bankrupt had no title.

The petition to revise is denied.