### JOHN CLEARY v. ANDREW A. MORSON.

#### [48 South. 817.]

CONDITIONAL SALES. *Implied obligation. Remedy of seller against third persons. Rescission.*

> Where a person contracted to sell a horse in consideration of the buyer's working for him for a specified term, the title to the horse to remain in the seller until paid for, the contract was an entirety, and, the buyer having abandoned his contract, the seller had the right to reclaim the horse from a third person, to whom it had been sold by the buyer; the third person having no better right to it than the buyer had.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Morson, appellee, was plaintiff in the court below and Cleary, appellant, was defendant there. From a judgment, predicated of a peremptory instruction, in plaintiff's favor defendant appealed to the supreme court. The opinion states the facts.

*Greaves, Easterling & Manship,* for appellant.

Conditional sales of personalty are to be considered, under the many decisions of this court, as partaking of the nature of chattel mortgages. *Burnley v. Tufts,* 66 Miss. 48, 5 South. 627; *Dederick v. Wolf,* 68 Miss. 500, 9 South. 350; *Tufts v. Stone,* 70 Miss. 54, 11 South. 792; *Ketchum v. Brennan,* 53 Miss. 596; *Duke v. Shackleford,* 56 Miss. 552; *Ross v. Pascagoula Ice Co.,* 72 Miss. 608, 18 South. 364. Wilson had a qualified property interest in the animal, which passed to Cleary by the sale; and Cleary's right to possession could not be disturbed until default in payment. Inasmuch as the debt was not due, Cleary had the right to retain possession until Dec. 15, 1908. Under the circumstances, this replevin suit, instituted in July, 1908, was premature. *Dederick v. Wolf, supra; Heflin v. Slay,* 78 Ala. 180; *Welden v. Witt,* 40 South. 126; *Leflore v. Miller,* 65 Miss. 204, 1 South 99; *Newhall v. Kingsberry,* 131 Mass. 445; *Hardy v. Monroe,* 127 Mass. 64; *McFarlan v. Farmer,* 32 N. H. 391; *Lambert v. McLeod,* 63 Cal. 162.

A conditional vendee has such rights in the personal property sold him as will enable him to sell or mortgage it to another. *Hatch v. Lames,* 117 Mass. 324; *Currie v. Knapp,* 65 N. H. 1; Benjamin on Sales, 269–426; *Carpenter v. Scott,* 13 R. I. 437.

*J. C. Ward,* for appellee.

A vendor of personalty sold on credit, who reserves title thereto in himself, can bring an action of replevin to recover such personalty from one who has purchased it from his original vendee, before the maturity of the debt. *Zimmerman Lbr. Co. v. Elder* (Miss.), 29 South. 456.

The subsequent sale of the horse to Cleary was contrary to the terms of the original contract of conditional sale, and the vendor Morson, had a right to treat the original contract of sale as rescinded and to bring replevin at once to recover the horse. *Sims v. Names,* 62 Ga. 260; *Palridge v. Philbrick,* 60 N. H. 536; *Whitney v. Connell,* 29 Mich. 12; *Eaton v. Munroe,* 52

Me. 63; *Harmark v. Martin,* 55 Tenn. 482; *Bigelow v. Hunt-ley,* 8 Vt. 151.

The giving of a deed of trust or other lien on the property is a breach of the conditional sale and entitles the vendor to bring a replevin to recover it. *Machine Co. v. Stewart,* 57 Hun (N. Y.), 545.

FLETCHER, J., delivered the opinion of the court.

This is a replevin suit, brought by Morson against Cleary for the recovery of a mare sold conditionally by Morson to one Wilson, and by Wilson sold to Cleary. It appears that Morson and Wilson entered into a contract evidenced by the following memorandum:

"This memoranda of agreement, made and entered into between Andrew A. Morson, party of the first part, and Reuben Wilson, party of the second part, witnesseth: That the said Reuben Wilson, party of the second part, for and in consideration of twenty dollars ($20.00) to him in hand paid, the receipt of which is hereby acknowledged, and for the further consideration of $40.00 per month, payable monthly, agrees to work for the said Morson, as also to furnish the services of Jim White from the first day of January, A. D. 1908, to the first day of January, 1909. The said A. A. Morson also agrees to give the said Reuben Wilson six (6) acres of land free of rent, and to sell to him one mare, named Alma, for $125.00, said amount to be paid on the 15th day of December, 1908. Title to said mare to remain with said Morson until paid. The above $20.00 is payable on the 15th day of December, 1908.

"[Signed]                                    A. A. MORSON.

"REUBEN WILSON."

It will be noted that the animal was not to be paid for until December 15th. Morson testified that at the time of making this contract he was badly in need of labor, and that the mare was sold and the six acres of land furnished as an additional inducement to secure the labor contract. In July Wilson abandoned

his contract, sold the mare to Clearly outright, under the pretense that he was the unconditional owner, and fled the country. Thereupon Morson, after demand for possession and refusal, instituted this action against Cleary without waiting for the maturity of the debt. Cleary's sole defense is that the debt was not due, and that he had the right to retain possession until December 15th, and the further right at that time to secure title by paying the purchase money. However, no offer to pay the debt was made by Cleary. From a judgment predicated of a peremptory instruction in favor of Morson, Cleary appeals.

It is earnestly and very forcibly contended, on appellant's behalf, that Wilson had a qualified property interest in the animal, which passed to Cleary by the sale, and that Cleary's right to possession could not be disturbed until default had occurred in the payment; and in support of this contention many authorities are cited, some of which, at least, undoubtedly maintain this contention. On the other hand, appellee argues that a contract for the conditional sale of property contains an implied condition that the purchaser will retain possession, and that a sale of the property, involving a change of possesion, is a breach of the contract, which warrants the seller in treating the contract as rescinded. Quite a number of respectable authorities are produced in support of this view, some of which depend upon the distinction that, while the conditional purchaser may properly dispose of his interest in the chattel, he may not make a sale by which he undertakes to transfer the unconditional title. In this case we are not driven to decide between these conflicting lines of authority, or pass upon the soundness of this distinction. We think the contract made between Morson and Wilson should be considered as an entirety, and that the sale of the mare must be held to depend upon Wilson's agreement to labor. It is clear that the sale would not have been made, but for Morson's desire to secure labor, and, when that part of the contract was breached by Wilson, Morson had a right to treat the whole contract as at an end and reclaim the property. It is obvious

that Cleary secured no higher or better right than Wilson had, and we think the property could have been retaken from Wilson before maturity, if Wilson had abandoned his employment and removed from Morson's premises. *Hall v. Draper,* 20 Kan. 137. In this view of the matter, the action of the circuit court was correct.                                    *Affirmed.*