In re PRIEGLE PAINT CO. RICHMOND BROS. v. RICHARDSON.

BLACKBURN VARNISH CO. v. SAME.

(District Court, N. D. Alabama, S. D. January 14, 1910.)

SALES (§ 450*)—CONDITIONAL SALES—EFFECT OF RIGHT OF RESALE—"ABSOLUTE SALE."

If a seller of goods parts with possession to the buyer, and invests him with the right to sell as his own and treat the proceeds as his own, the sale is "absolute," and not conditional, and title vests in the buyer, even though there is an agreement that it shall not pass until the price is paid.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 450.*

For other definitions, see Words and Phrases, vol. 1, p. 42.

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

In the matter of the Priegle Paint Company, bankrupt. On petition to review order of referee denying petitions of Richmond Bros. and the Blackburn Varnish Company, respectively, to reclaim property. Order affirmed.

Thompson & Thompson, for petitioners.
Perdue & Cox, for trustee.

GRUBB, District Judge. This matter came on for hearing on a petition to review an order of the referee in bankruptcy, disallowing two petitions for reclamation of certain goods furnished the bankrupt by the petitioners, Richmond Bros. and the Blackburn Varnish Company. Each petition presents the same question. Petitioners testify that they started the bankrupt in business, under an arrangement by which the goods were furnished to it, title to be retained in sellers until the goods were sold, for the purpose of their security, the bankrupt to have the right to sell at such prices and on such terms as he saw fit, and to be accountable to sellers for invoice prices only, on his general credit; the sellers having no title to or lien on the proceeds of such sales. The bankrupt testified that the first shipment of goods only was on consignment, that all goods subsequently furnished were

sold on credit, and that only a small and indistinguishable part of the goods on hand when the petition was filed belonged to the first shipment.

Assuming the transaction to have been as testified to by petitioners—that is, a conditional sale, with retention of title to secure purchase money until the goods were resold, which it was contemplated the bankrupt would do in the usual course of trade, and only to be accountable to the sellers for proceeds of such sales on his personal account and credit—the inquiry is as to the validity of this transaction as against the general creditors of the bankrupt. The retention of title, for security of purchase, until the goods are resold, under a contract by which the title to the proceeds of sale vests in the seller, has been upheld, when assailed by creditors, in the cases of In re Pierce, 157 Fed. 755, 87 C. C. A. 537, 19 Am. Bankr. Rep. 662; In re Columbus Buggy Company, 143 Fed. 859, 74 C. C. A. 611, 16 Am. Bankr. Rep. 759; In re Dunlop, 156 Fed. 545, 86 C. C. A. 435, 19 Am. Bankr. Rep. 361; In re E. M. Newton & Company, 153 Fed. 841, 83 C. C. A. 23, 18 Am. Bankr. Rep. 567; and in re Gray (D. C.) 170 Fed. 638, 21 Am. Bankr. Rep. 375. The distinguishing fact in this case is that the petitioners, as testified to by themselves, had no other right in or to the proceeds of the resale than had the other creditors of the bankrupt, had no right to require the bankrupt to pay over the specific proceeds of the goods resold, and could only look to his general credit for payment for such goods as were resold.

In the case of Pontiac Buggy Company v. Skinner (D. C.) 158 Fed. 858, 20 Am. Bankr. Rep. 206, District Judge Ray, after quoting from the case of In re Garcewich, 115 Fed. 87, 53 C. C. A. 510, 8 Am. Bankr. Rep. 149, as follows:

"When the property is delivered to the vendee for consumption or sale, or to be dealt with in any way inconsistent with the ownership of the seller, or so as to destroy his lien or right of property, the transaction cannot be upheld as a conditional sale, and is a fraud upon the creditors of the vendee. Even in the case of a chattel mortgage, when it is understood between the mortgagor and the mortgagee that the mortgagor may sell the chattels in his business and use the proceeds, the transaction is fraudulent in law as against the creditors of the mortgagor. Such an arrangement, if expressed in the instrument, defeats its essential nature and qualities as a mortgage, so that, in a legal sense, it is not a security, but merely the expression of a confidence by the mortgagee in the mortgagor, and, if made, but not expressed in the instrument, is equally vicious, if not more suggestive of a fraudulent purpose."

—said:

"Is this the law as to conditional sales? In Re Carpenter (D. C.) 11 Am. Bankr. Rep. 147, 125 Fed. 831, 833, this court followed In re Garcewich, supra, in a case where the order for goods was quite similar to the one under consideration here, and pointed out the distinction, sharply drawn, between that line of cases where the title to property sold is to pass when paid for only, and in the meantime the property is to be retained and used by the vendee, or, if sold, the proceeds are to take or stand in its place and be passed over to the vendor in payment or as his own, and that other line of cases where the sale is in terms conditional—that is, it is provided that the title shall remain in the vendor until the property is paid for, but still the vendee is given full power to use up, consume, or sell, and give good title, and take or hold the proceeds as his own. Earle v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178, affirmed 157 N. Y. 683, 51 N. E. 1090, In re Kellogg (D. C.) 7 Am. Bankr. Rep. 270, 112 Fed. 52, Prentiss Tool & Supply Co. v. Schirmer, 136 N. Y. 305, 32 N. E. 849, 32 Am.

St. Rep. 737, Cole v. Mann, 62 N. Y. 1, and Ballard v. Burgett. 40 N. Y. 314, are illustrations of the first class of cases; while In re Garcewich, supra, In re Carpenter, supra, Ludden v. Hazen, 31 Barb. (N. Y.) 650, Frank v. Batten, 49 Hun, 91, 1 N. Y. Supp. 705, and Bonesteel v. Flack, 41 Barb. (N. Y.) 435, are illustrations of the latter. Brackett v. Harvey, 91 N. Y. 214, a mortgage case, illustrates both. If the vendor parts with the possession to the vendee, and invests him with the right to sell as his own and treat the proceeds as his own, then the sale is absolute, and the title is in the vendee absolutely, as fraud is presumed, even if there be an agreement that title to the property shall remain in the vendor until the debt is paid. But if the agreement be that the vendee may sell, and that if he does he shall pay over the proceeds to the vendor to apply on the debt, then there is no fraud, and the vendor has the title. If a mortgage permits the mortgagor to sell and use the proceeds as his own, the transaction is presumed fraudulent, and the mortgage is void. If the mortgage permits the mortgagor to sell, and stipulates that the proceeds shall apply to the mortgage debt, the mortgage is valid. The normal and proper purpose in both cases is that the proceeds shall be applied in extinguishment of the debt."

The facts in this case bring it within the influence of the case last cited. The petition to review the order of the referee is denied, and his order denying each petition is confirmed.