BAKER ICE MACH. CO. v. BAILEY.

In re GRANT BROS.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1913.)

No. 3,991.

BANKRUPTCY (§ 178*)—TRANSFER—CONDITIONAL SALE.

Gen. St. Kan. 1909, § 5237, provides that a written instrument evidencing a conditional sale of personal property, and retaining title in the vendor until the purchase price is paid, shall be void as against innocent purchasers or creditors of the vendee, unless the original instrument or a copy is deposited in the office of the register of deeds in the county wherein the property shall be kept, and shall be entered on the records the same as a chattel mortgage, and when so deposited shall remain in full force and effect until the amount of the same is wholly paid without renewal. *Held*, that where claimant sold certain ice machinery to the bankrupts under a conditional contract of sale, completed the installation February 5, 1912, filed the contract May 15, 1912, following, and the vendees were adjudged bankrupts on July 11, 1912, such conditional sale contract did not constitute a "transfer" by the bankrupts to claimant, but was rather a retention of title in claimant, and was therefore enforceable as against the bankrupts' trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 264–274, 283, 284; Dec. Dig. § 178.*]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

In the matter of bankruptcy proceedings of Grant Bros. Petition by the Baker Ice Machine Company to recover possession of certain ice machinery sold to the bankrupt under a conditional sale contract. From an order of the District Court, affirming an order of the referee in bankruptcy denying the petition, claimant appeals. Reversed, with directions.

See, also, 209 Fed. 844.

H. C. Brome, of Omaha, Neb. (Clinton Brome, of Omaha, Neb., on the brief), for appellant.

W. S. McClintock, of Topeka, Kan. (A. L. Quant, of Topeka, Kan., on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and VAN VAL-KENBURGH, District Judge.

CARLAND, Circuit Judge. This is an appeal from an order made by the District Court affirming an order of the referee in bankruptcy which denied the petition of the Baker Ice Company to have certain property delivered to it by the trustee in bankruptcy. The facts which control the decision of the case are as follows:

October 14, 1911, the Baker Ice Company, of Omaha, Neb., entered into a written agreement with one Grant for the manufacture and delivery at Horton, Kan., of certain ice-making and refrigerating machinery; it being expressly agreed in the contract of sale that the legal title to and the legal possession of the machinery sold should be and remain in the Baker Ice Company until the purchase price was paid. The installation and delivery of the machinery was completed February 5, 1912. The conditional sale contract was filed for record

in the office of the register of deeds of Brown county, Kan., the county in which such machinery was delivered and installed, on May 15, 1912. On July 11, 1912, Grant, and the other members of the firm of Grant Bros., to which firm the machinery had been delivered by direction of the Grant who executed the contract of sale, filed a voluntary petition in bankruptcy and were thereafter adjudged bankrupts. Appellee, Bailey, as trustee, took possession of the bankrupt estate, including the machinery in controversy. Thereupon the Baker Ice Company, by intervening petition, prayed the delivery of the machinery to it, there having been a default in the payment of the purchase price in the sum of $2,800. The referee in bankruptcy denied the petition, and the District Court affirmed the order.

The District Court treated the conditional sale contract as a transfer effective May 15, 1912, the date of its filing, to secure an existing indebtedness, and that, this date being within four months of the time of the filing of the voluntary petition in bankruptcy, July 11, 1912, the transfer was void as a preference. We think this was error, and that the error arose from holding that the conditional sale contract operated as a transfer. Section 5237, General Statutes of Kansas, reads as follows:

"That any and all instruments in writing or promissory notes now in existence or hereafter executed evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds of the county wherein the property shall be kept, and shall be entered upon the records the same as a chattel mortgage, and when so deposited shall remain in full force and effect until the amount of the same is fully paid, without the renewal of the same by the vendor; and any conditional verbal sale of any personal property reserving to the vendor any title in the property sold shall be void as to creditors and innocent purchasers for value."

It was not intended to decide in Bank of Commerce v. Carbondale Machine Co., 195 Fed. 180, 115 C. C. A. 132, that a conditional sale contract was in fact a chattel mortgage under the above statute. The question for decision in that case was as to the priority of liens, and the above statute was cited and certain language used in the opinion for the purpose of showing that the laws of Kansas required the conditional sale contract to be recorded as a chattel mortgage, or in the same manner as a chattel mortgage. The contract in this case is a conditional sale contract. Dunlop v. Mercer, 156 Fed. 545, 86 C. C. A. 435 (8th Cir.); In re Pierce, 157 Fed. 755, 87 C. C. A. 537 (8th Cir.); Monitor Drill Co. v. Mercer, 163 Fed. 943, 90 C. C. A. 303, 20 L. R. A. (N. S.) 1065, 16 Ann. Cas. 214 (8th Cir.); Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285; Bryant v. Swofford Bros., 214 U. S. 279, 29 Sup. Ct. 614, 53 L. Ed. 997; Big Four Implement Co. et al. v. Wright (C. C. A.) 207 Fed. 535 (8th Cir.).

We had occasion in Big Four Implement Co. et al. v. Wright, supra, to consider Christie v. Scott, 77 Kan. 257, 94 Pac. 214, and concluded that there was nothing in that case which decided that a conditional sale contract was a chattel mortgage. We said in that case:

"The only question that the court decided in that case was that a vendee in a conditional sale contract was liable on his promissory notes, although the creditor had retaken the property. * * * Conditional sale contracts have long been recognized in the law of Kansas. They were valid as to third persons; when there was no statute requiring them to be filed, while there was a statute requiring the filing of chattel mortgages. Sumner v. McFarlan, 15 Kan. 600; Hall v. Draper, 20 Kan. 137; Standard Implement Co. v. Parlin & Orendorff. Co., 51 Kan. 544 [33 Pac. 360]; Moline Plow Co. v. Witham, 52 Kan. 185 [34 Pac. 751]. The statutes of Kansas recognize the difference between a chattel mortgage and a conditional sale contract, by providing separate and different provisions for filing."

We further said in the same case:

"These being contracts of conditional sale, there is no foundation for the claim that the filing of them within four months of the bankruptcy constituted a preference. There could be no preference without a transfer by the bankrupt of his property. If there were any transfer in this case, it is evidenced by these instruments, dated December 8, 1910, and January 23, 1911. But they transferred no property of Bell. They expressly refrained from transferring any to him."

So, in the case at bar, Grant Bros. never transferred the machinery to the Baker Ice Company, because it had never been transferred to them. The whole transaction was entirely opposed to a transfer from the debtor to the creditor, and this case must be ruled by our decision in the case of Big Four Implement Co. et al. v. Wright, supra, in which we approved of In re Farmers' Co-operative Co. (D. C.) 202 Fed. 1005.

Judgment reversed, with direction to the trial court to cause the machinery in controversy to be delivered to the Baker Ice Company, unless the trustee in bankruptcy shall, within a time to be named, pay the balance due from Grant Bros. to the Baker Ice Company for the purchase price of the machinery.