Plaintiffs introduced evidence tending to show that Faulkner, Kellam 
Moore had delivered certain goods to defendant, Isaac Brown, under the following contract:
This agreement, made and entered into this 5 June, 1891, by and between Faulkner, Kellam Moore, having a place of business, and now doing business, in the city of Atlanta, State of Georgia, party of the first part, and Isaac Brown, of Warsaw, county of Duplin, State of North Carolina, party of the second part, witnesseth: *Page 344 
1. The party of the first part hereby agrees to sell no other party in Warsaw.
2. In consideration of the party of the first part agreeing to sell no other party in said town, said party of the second part agrees not to sell any spectacles or eyeglasses except the Perfected Crystal Lenses, and other goods manufactured or sold by party of first part.
3. Party of the second part agrees to keep his assortment up to the amount of the present order.
4. Party of the second part shall not sell the Perfected Crystal Lens glasses at less than the established price.
Terms of Sale: This contract calls for a $100 assortment. Terms, one-fifth payable 1 August, 1891; one-fifth payable 1 September, 1891; one-fifth payable 1 October, 1891; one-fifth payable 1 November, 1891; and balance payable 1 December, 1891. Send optimetric free of charge. All future invoices sixty days.
It is fully understood and agreed that this contract between said parties is fully and entirely expressed hereby, and that there is no parol or verbal agreement or understanding of any kind whereby the terms hereof can be changed, modified, or explained in any manner whatever. In testimony whereof, the said parties have hereunto set their (453) hands and seals, the day and year first above written.
 FAULKNER, KELLAM MOORE. Witness: ISSAC BROWN. Please send copy of this with goods.
And that after giving to said defendant all credits to which he was entitled there was a balance due by him for said goods amounting to $86.77, and that prior to the beginning of this action the said claim of $86.77, due by defendant for the goods, had been duly assigned and transferred by Faulkner, Kellam Moore to the plaintiffs. The defendant admitted the execution by him of the contract with Faulkner, Kellam Moore, and that he had received of them under said contract the goods as stated in the contract and as claimed by the plaintiffs, and that the balance due by him, if anything, was $86.77, but he further testified that prior to the beginning of this action he shipped by express to Kellam Moore these goods, amounting at the contract price to $86.77, and that the said goods have never been returned to him by the plaintiffs or the express company; that he wrote to Kellam Moore, asking their permission to return the goods, but that he had never received their permission to do so.
His Honor instructed the jury that the defendant having admitted the execution by him of the contract sued upon and the delivery to him thereunder of the goods, amounting, after deducting all credits, to *Page 345 
$86.77, as claimed by plaintiffs, and the defendant having further admitted that he was never at any time authorized by Faulkner, Kellam Moore, or by the plaintiffs, to return the goods, if they, the jury, were satisfied by the preponderance of the evidence that prior to the beginning of this action all interest of Faulkner, Kellam (454) Moore in the contract of 5 June, 1891, and amount due thereunder, had been duly transferred and assigned to plaintiffs, they would find the issues submitted to them in favor of the plaintiffs, unless they should further find that the balance of said goods, amounting to $86.77, had been returned to plaintiffs or their assignees, Faulkner, Kellam Moore, and had been received by them; that the plaintiffs could not keep the goods and also recover the amount due for them, and if they should find that said goods had been returned and received as just stated, they would find in favor of the defendant. To that part of his Honor's charge which instructed the jury that if they were satisfied by preponderance of evidence that prior to the beginning of this action all interest of Faulkner, Kellam Moore in said contract of 5 June, 1891, and amount due thereunder had been duly assigned to plaintiffs, they would find the issues submitted to them in favor of plaintiffs, the defendant then and there excepted. The defendant tendered no request for instruction to jury. There was a verdict for plaintiffs. The defendant moved for a new trial because of error in his Honor's charge as hereinbefore stated, because his Honor ought to have instructed the jury that said contract of 5 June, 1891, was not a contract of sale; that thereunder said defendant did not become a purchaser, but only a factor or commission merchant, with power to return all goods not sold by him, and because his Honor ought to have instructed the jury that said contract of 5 June, 1891, was void.
From the refusal of motion for new trial and judgment for plaintiffs, defendant appealed.
We have been favored with neither argument nor brief (455) by defendant's counsel. On examination of the record we find certain objections to depositions, and to some of the questions and answers therein, and exceptions noted to his Honor's rulings, but they are not stated in the case on appeal, and we must presume that they are not now insisted on.
The defendant excepts to the instructions given by his Honor as to assignment of the claim sued upon to plaintiffs. Without any suggestion as to the error in this instruction, we have been unable to discover it. *Page 346 
The agreement between the parties is not such as is contended by defendant in that it would constitute the defendant a factor or commission merchant, the agent of the plaintiff for the sale of the goods mentioned, but clearly contemplates a sale. We concur in the views of his Honor as expressed in his instructions to the jury. There is
NO ERROR.