KELLAM *v.* BROWN.

---

KELLAM & MOORE v. ISAAC BROWN.

*Contract—Sale or Agency.*

Where a contract recited that plaintiffs would sell their goods to no one in defendant's town except to defendant, and that defendant would sell no goods of that sort except those manufactured by plaintiffs, and that he would keep his assortment up to the amount of the then order of $100, and would not sell at less than the established price, and the terms of payment for the goods were prescribed: *Held*, that such contract was one of *sale* and did not constitute the defendant a factor or commission merchant or agent for the sale of the goods.

CIVIL ACTION, tried before *Whitaker, J.*, and a jury, at December Term, 1892, of DUPLIN Superior Court, in which plaintiffs sought to recover the value of goods alleged to have been sold to defendant.

Plaintiffs introduced evidence tending to show that Faulkner, Kellam & Moore had delivered certain goods to defendant, Isaac Brown, under the following contract:

"This agreement made and entered into this 5th day of June 1891, by and between Faulkner, Kellam & Moore, having a place of business, and now doing business, in the city of Atlanta, State of Georgia, party of the first part, and Isaac Brown, of Warsaw, county of Duplin, State of North Carolina, party of the second part, witnesseth: 1st, the party of the first part hereby agrees to sell no other party in Warsaw; 2d, in consideration of the party of the first part agreeing to sell no other party in said town, said party of the second part agrees not to sell any spectacles or eyeglasses except the 'Perfected Crystal Lenses,' and other goods manufactured or sold by party of first part; 3d, party of the second part agrees to keep his assortment up to the amount of the present order; 4th, party of the second part shall not sell the 'Perfected Crystal Lens' glasses at less than the established price.

"*Terms of Sale.*—This contract calls for a $100 assortment. Terms, one-fifth payable August 1st, 1891; one-fifth payable September 1st, 1891; one-fifth payable October 1st, 1891; one-fifth payable November 1st, 1891; and balance payable December 1st, 1891. Send optimetic free of charge. All future invoices sixty days.

"It is fully understood and agreed, that this contract between said parties is fully and entirely expressed hereby, and that there is no parol or verbal agreement or understanding of any kind whereby the terms hereof can be

changed, modified, or explained in any manner whatever. In testimony whereof the said parties have hereunto set their hands and seals, the day and year first above written.

"FAULKNER, KELLAM & MOORE,

"ISAAC BROWN.

"Witness:

"Please send copy of this with goods."

And that after giving to said defendant all credits to which he was entitled there was a balance due by him for said goods amounting to $86.77, and that prior to the beginning of this action the said claim of $86.77, due by defendant for the goods, had been duly assigned and transferred by Faulkner, Kellam & Moore to the plaintiffs. The defendant admitted the execution by him of the contract with Faulkner, Kellam & Moore, and that he had received of them under said contract the goods as stated in the contract and as claimed by the plaintiffs, and that the balance due by him, if anything, was $86.77, but he further testified that prior to the beginning of this action he shipped by express to Kellam & Moore these goods, amounting at the contract price to $86.77, and that the said goods have never been returned to him by the plaintiffs or the express company; that he wrote to Kellam & Moore asking their permission to return the goods, but that he had never received their permission to do so.

His Honor instructed the jury that the defendant having admitted the execution by him of the contract sued upon and the delivery to him thereunder of the goods, amounting, after deducting all credits, to $86.77, as claimed by plaintiffs, and the defendant having further admitted that he was never at any time authorized by Faulkner, Kellam & Moore, or by the plaintiffs, to return the goods, if they, the jury, were satisfied by the prepon-

derance of the evidence that prior to the beginning of this
action all interest of Faulkner, Kellam & Moore in the
contract of June 5, 1891, and amount due thereunder, had
been duly transferred and assigned to plaintiffs, they would
find the issues submitted to them in favor of the plaintiffs,
unless they should further find that the balance of said
goods, amounting to $86.77, had been returned to plain-
tiffs or their assignees, Faulkner, Kellam & Moore, and
had been received by them; that the plaintiffs could not
keep the goods and also recover the amount due for them,
and if they should find that said goods had been returned
and received as just stated, they would find in favor of the
defendant.   To that part of his Honor's charge, which
instructed the jury that if they were satisfied by prepon-
derance of evidence that prior to the beginning of this
action all interest of Faulkner, Kellam & Moore in said
contract of 5th of June, 1891, and amount due thereunder
had been duly assigned to plaintiffs, they would find the
issues submitted to them in favor of plaintiffs, the defend-
ant then and there excepted.   The defendant tendered no
requests for instruction to jury.   There was a verdict for
plaintiffs.   The defendant moved for a new trial because
of error in his Honor's charge as hereinbefore stated,
because his Honor ought to have instructed the jury that
said contract of 5th of June, 1891, was not a contract of
sale; that thereunder said defendant did not become a
purchaser, but only a factor or commission merchant, with
power to return all goods not sold by him, and because his
Honor ought to have instructed the jury that said con-
tract of 5th of June, 1891, was void.

From the refusal of motion for new trial and judgment for
plaintiffs, defendant appealed.

*Mr. H. R. Kornegay,* for plaintiffs.
No counsel *contra.*

MACRAE, J.: We have been favored with neither argument nor brief by defendant's counsel. On examination of the record we find certain objections to depositions, and to some of the questions and answers therein, and exceptions noted to his Honor's rulings, but they are not stated in the case on appeal, and we must presume that they are not now insisted on.

The defendant excepts to the instructions given by his Honor as to assignment of the claim sued upon to plaintiffs. Without any suggestion as to the error in this instruction we have been unable to discover it.

The agreement between the parties is not such as is contended by defendant in that it would constitute the defendant a factor or commission merchant, the agent of the plaintiff for the sale of the goods mentioned, but clearly contemplates a sale. We concur in the views of his Honor as expressed in his instructions to the jury. There is

No Error.