## In re HOWLAND.

### (District Court, N. D. New York. June 20, 1901.)

#### No. 243.

**1.** CONDITIONAL SALES—VALIDITY AS AGAINST CREDITORS OF PURCHASER.

Under the law of New York, as settled by decision, the reservation of title to merchandise by a seller until payment is made is void as against creditors of the purchaser, where the latter is, by the contract, given the right to sell the merchandise in the ordinary course of business; such right being inconsistent with the ownership of the seller, and one which would necessarily destroy his right of property.

**2.** BANKRUPTCY—TITLE OF TRUSTEE—SUBROGATION TO RIGHTS OF CREDITORS.

Under Bankr. Act 1898, § 67b, which subrogates a trustee to the rights of creditors as against liens created or attempted to be created by the bankrupt, where a part of the property scheduled by a bankrupt consisted of merchandise which he had purchased under a conditional contract by which the seller retained the title until the merchandise should be sold in the ordinary course of business, which contract was binding upon the bankrupt, but not upon his creditors, under the laws of the state, the trustee succeeded not only to the rights of the bankrupt, but also to those of the creditors, as to such property, and took title thereto free from the claim of the seller under his contract.

In Bankruptcy.

The following is the opinion of R. A. Gunnison, referee:

This matter arose over an adverse claim of title to certain merchandise under a conditional statement of sale. The facts are these: For some time prior to November 16, 1900, Herman H. Howland, this bankrupt, conducted a general country store at the village of Center Lisle, in this county. On January 13, 1900, Herman H. Howland, this bankrupt, was conducting the business above mentioned. On or about that time, he gave to one of the agents of the Mishawaka Woolen Manufacturing Company an order for certain goods, and signed an order slip, addressed to the company, which contained, besides an enumeration of the goods bought and other matters, the following: "The title and property in all the goods herein mentioned shall remain in the vendor until fully paid for, or sold in due course of business by the buyer; and if payment shall not be properly made when due, or if at any time before the same shall be fully paid for, or sold in due course of business by the purchaser, the purchaser shall become insolvent, or shall, in the opinion of the vendor, be in danger of insolvency, or the vendor, in its judgment, for any reason whatever, deem itself in danger of losing the price of said goods, then the vendor may, at its option, reclaim and take possession of so much of the said goods as shall then remain in the hands of the purchaser unsold: provided, however, that this provision shall not in any wise affect the liability of the purchaser for the payment at the prices agreed upon of the said goods not recovered by the vendor in the manner aforesaid. This provision shall be understood to apply to all orders hereafter received by the vendor from the purchaser, whether expressed in such orders or not." On November 16, 1900, Herman H. Howland, this bankrupt, filed in this court a petition to be adjudged a bankrupt, whereupon the adjudication was made, and the matter was referred to me "to take such further proceedings herein as are required by this act." The first meeting was duly held, and F. A. Shaw was chosen trustee, and thereupon qualified as such. The stock in the store was duly appraised. At the time of the appraisal, Milo C. Paige, Esq., representing the Mishawaka Woolen Manufacturing Company, demanded of the trustee certain goods which were scattered through the bankrupt's stock, and also warned the trustee against appraising those goods, claiming the title thereto to be in the Mishawaka Woolen Manufacturing Company under and by

virtue of a certain written instrument bearing date January 13, 1900, and signed by the bankrupt, the instrument being that above referred to. The trustee refused the demand and directed the appraisers to continue their inventory. Later, on the petition of the trustee, an order was made directing the creditors to show cause why the trustee should not sell the stock of goods. On the return day of the order, the Mishawaka Woolen Manufacturing Company appeared by Milo C. Paige, Esq., in opposition thereto, asking, on certain affidavits and the instrument above referred to, that the trustee be ordered to turn the goods mentioned in the instrument, or so many of them as were unsold, and still in the store, over to the Mishawaka Woolen Manufacturing Company. The bankrupt swears in his affidavit, which is among the papers of the adverse claimant herein, that he signed the contract and "received and accepted the goods under the terms and conditions of said contract." The Mishawaka Woolen Manufacturing Company is scheduled as an unsecured creditor, and no mention is made of this instrument in the bankrupt's schedules. After listening to the argument, I directed the trustee to sell the entire stock, but to hold, as a separate fund, a sum of money equal to the appraised value of said goods, pending the decision of the question.

In deciding the matter, two questions must be determined: First. Where merchandise is sold under a conditional contract, by the provisions of which the title remains in the vendor until payment is had for the merchandise, is the contract binding upon all parties? If it is binding, then the goods or fund held by the trustee must be delivered to the claimants. If it is not binding upon all parties, who are bound and who are not? There is an old and long-established rule of law in this state that personal property may be sold and delivered under an agreement for the payment of the price at a future time, and that the title to goods so sold and delivered may, by express agreement, be retained by the vendor until the payment of the purchase price. But the court, in Ludden v. Hazen, 31 Barb. 650, draws a distinction in the cases of conditional sales, where title is sought to be retained in the vendor. The court says: "The principles of conditional sales, aside from fraud, which is very apparent [in that case], will not uphold such sale when the property is to be delivered to the buyer for consumption or for sale, or to be dealt with in any way inconsistent with the ownership of the seller, or in a manner that would destroy his lien or right of property." And again, in Frank v. Batten, 49 Hun, 91, 1 N. Y. Supp. 705, in which the facts are similar, the court said: "Where the property is sold and delivered to the buyer for consumption or sale, or to be dealt with in any way inconsistent with the continued ownership of the seller, or in a manner that would necessarily destroy his right of property, the rule does not apply, and the vendor is estopped from setting up title in himself, as against the creditors of the vendee." These were both cases where the merchandise was sold on conditional contracts, to be retailed by the vendee, the title to remain in the vendor until paid for. Such sales are held to be inconsistent with the continued ownership of the vendor, as well as to be such as would destroy the vendor's right of property, and, as such, the title, so far as creditors of and purchasers from the vendee are concerned, is deemed absolute in the vendee. These are supported by a long line of cases similar in fact and decision. See Goldsmith v. Levin, 8 N. Y. St. Rep. 316; Bonesteel v. Flack, 41 Barb. 435; Devlin v. O'Neill, 6 Daly, 305, affirmed in 68 N. Y. 622. In the case at bar the merchandise was sold with the expectation and for the purpose of retailing it over the vendee's counter,—a purpose which, the courts of this state say, is inconsistent with the retention of title in the vendor. This case falls directly within the exception to the general rule. Prior to the adjudication, then, the creditors might have levied upon and sold this merchandise which this bankrupt held under the conditional contract; the title, so far as they were concerned, being absolute in him.

We are now brought to the second question: Does the trustee in bankruptcy of this vendee take only the title of the bankrupt, or does he take a better title? It is the rule that the trustee takes the title of the bankrupt as of the date of the adjudication. But is there no exception? It is obvious that, if he is to take no better title in the case at bar, a gross injustice will be

inflicted on the creditors, and the bankruptcy law, instead of protecting. will injure them. They would have been in a better situation had no bankruptcy proceeding been commenced. The adverse claimant contends that the trustee takes no better title than the bankrupt, and cites In re Bozeman, 2 Am. Bankr. R. 809; In re Klingaman's Estate, Id. 44; In re McKay, 1 Am. Bankr. R. 292; Powell v. Preston, 1 Hun, 513; Jacob v. Watkons, 3 App. Div. 422, 38 N. Y. Supp. 763,—in support of this contention. Three of these are cases decided in Southern and Western states, the law of which relative to conditional sales differs from that of New York. More than that, in each of the cases the articles over which the questions therein decided arose were such that their sale and delivery would not have been inconsistent with the continued ownership of the vendor, so that none of the cases come under the exception stated above. These cases, then, have no bearing here further than that they re-enunciate the rule of equal title between trustee and bankrupt. But this rule is not hard and fast. Bankr. Act, § 67, subd. b, provides that: "Whenever a creditor is prevented from enforcing his rights as against a lien created or attempted to be created by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate." Prior to the adjudication in bankruptcy, certain creditors obtained judgments against the debtor, this bankrupt. Under the decisions in this state, cited above, a levy and execution under these judgments might have been made upon the goods in question in spite of the attempt on the part of the bankrupt to protect this claimant, and these goods sold thereunder to satisfy the judgments. The trustee is, under this section, subrogated to the rights of the creditor, and may enforce them for the benefit of the estate. Even though the application of this provision to this case be strained, it shows the purpose of the lawmakers to protect the creditors after the bankruptcy law has stepped in. The evidence of the purpose and intent of the framers of the act is strengthened by section 70, subd. "e," which permits the trustee to avoid any transfer by the bankrupt of his property which any creditor might have avoided. The creditor should not be deprived of the benefit of his equity against this stock because he did not exercise it prior to the adjudication in a way which would in all probability have resulted in an involuntary proceeding.

After careful and thoughtful examination of this matter, I am of the opinion that the trustee takes the property in question with a better title than the bankrupt could give him. He is subrogated to, and may exercise the rights of, the creditors for the benefit of the estate. Let the order directing the trustee to hold fifty dollars and thirty cents ($50.30), the appraised value of the merchandise in question, in a separate fund, be vacated, and an order issue directing the trustee to transfer said fund to the assets of the estate, to be and remain a part thereof, and to be distributed among the creditors.

Dated at Binghamton, in said district, March 9, 1901.

Milo C. Paige, for Mishawaka Woolen Mfg. Co.

W. A. McKinney, for trustee.


COXE, District Judge. The authorities cited by the referee and by counsel establish the proposition that, in this state, where merchandise is sold on a conditional contract, but with the understanding that it is to be dealt with in the same manner as other property owned by the vendee, such sale is inconsistent with the continued ownership of the vendor and the property may be seized and sold on execution by the creditors of the vendee. The property sold to the bankrupt by the Mishawaka Company falls within this rule. It was placed in the general stock of the bankrupt and a portion was sold at retail over his counter. The merchandise in question, therefore, passed to the trustee pursuant to the provisions of Bankr. Act, § 70 (5) as property "which might have been levied upon and sold

under judicial process against the bankrupt." Neither this section nor section 67a, which is also in point, is found in the act of 1867.

The order of the referee, directing the trustee to divide the fund in controversy among the creditors, is affirmed.