## In re GARCEWICH.

(Circuit Court of Appeals, Second Circuit. April 22, 1902.)

### No. 125.

BANKRUPTCY—CONDITIONAL SALE—TITLE VESTING IN TRUSTEE.

Under Bankr. Act, § 70, providing that the title of the bankrupt shall vest in the trustee to "all property, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him," where goods were sold to the bankrupt on credit, and with the understanding that the title to such of them as should not be sold by him should remain

in the vendor until the payment of the purchase price, the title thereto vests in the trustee.

Petition to Review an Order of the District Court of the United States for the Southern District of New York.

Leo Levy, for petitioner.

H. Linley Johnson, opposed.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a petition for the review of an order of the district court as a court of bankruptcy directing the trustee to return to the United Shirt & Collar Company certain goods, wares, and merchandise claimed by that company to belong to it, and claimed by the trustee to be a part of the bankrupt's estate. The goods were sold to the bankrupt by the United Shirt & Collar Company upon credit, and upon the understanding that the title to such of them as should not be sold by the bankrupt should remain in the vendor until the payment of the purchase price. The court below adopted the conclusion of the referee in bankruptcy, and an excerpt from the opinion of the referee will sufficiently disclose the facts and the legal theory upon which the order was based, and is as follows:

"I understand that a trustee in bankruptcy can maintain an action to set aside a fraudulent transfer of property whether a judgment has been previously recovered by a creditor or not. But the case of an ordinary conditional sale, or an ordinary chattel mortgage, which is without fraud, but is claimed to be void for noncompliance with the act requiring such instruments to be filed, stands obviously upon a different footing. In the case at bar there is nothing to indicate any fraud in the transaction between the United Shirt & Collar Company and the bankrupt, and the question simply is whether the trustee has a better title to the consigned goods than the bankrupt had. There is no evidence that there are any judgments against the bankrupt, and the schedules and proofs of claims tend to show that there are none. Under these circumstances I think that the case In re New York Economical Printing Co., 49 C. C. A. 133, 110 Fed. 514, is decisive."

In Re New York Economical Printing Company this court held that a chattel mortgage executed in good faith, and valid as between mortgagor and mortgagee, did not become void as against a trustee in bankruptcy by the failure of the mortgagee to refile the mortgage in compliance with the provisions of the state statute; and that in such case the trustee took no better title to the property than the bankrupt had at the time of the filing of the petition, unless there were creditors or a creditor at the time who were entitled to attack the mortgage as fraudulent, and in that event it was void as against the trustee only to the extent of the claims of such creditors. That decision proceeded upon the theory that, upon the construction of the statute placed upon it by the highest court of the state, such a mortgage was valid as to all the world except as to purchasers without notice and creditors who were in a position by attachment or execution to seize the property. In Southard v. Benner, 72 N. Y. 424, the court, speaking of this statute, said:

"The noncompliance with the statute merely imposing a new condition to the validity of chattel mortgages for the protection of the particular classes mentioned, and not involving the question of fraud or fraudulent

intent, may well be restricted in its operation to the individuals for whose immediate protection it was passed."

These considerations can have no just application to a mortgage or other transfer of personal property, which, at its inception, was intended by the parties, or presumed by law to be intended, as a fraud upon creditors or purchasers.

It is the settled law of this state that personal property may be sold and delivered under an agreement for the payment of the price at a future day, and the title by express agreement remain in the vendor until the payment of the purchase price. In such a case the payment is strictly a condition precedent, and until the performance the title does not vest in the buyer. It is one of the exceptional cases in which the law tolerates the separation of the apparent from the real ownership of chattels when the honesty of the transaction is made to appear. But when the purpose for which the possession of the property is delivered is inconsistent with the continued ownership of the vendor, the transaction will be presumed fraudulent as against purchasers and creditors. The transaction will be deemed merely colorable, and the title to have been vested absolutely in the buyer. Luddon v. Hazen, 31 Barb. 650; Frank v. Batten, 49 Hun, 91, 1 N. Y. Supp 705; Bonesteel v. Flack, 41 Barb. 435. When the property is delivered to the vendee for consumption or sale, or to be dealt with in any way inconsistent with the ownership of the seller, or so as to destroy his lien or right of property, the transaction cannot be upheld as a conditional sale, and is a fraud upon the creditors of the vendee. Even in the case of a chattel mortgage, when it is understood between the mortgagor and the mortgagee that the mortgagor may sell the chattels in his business, and use the proceeds, the transaction is fraudulent in law as against the creditors of the mortgagor. Such an arrangement, if expressed in the instrument, defeats its essential nature and qualities as a mortgage, so that, in a legal sense, it is not a security, but merely the expression of a confidence by the mortgagee in the mortgagor; and, if made, but not expressed in the instrument, is equally vicious, if not more suggestive of a fraudulent purpose.

We think that the court below erred in viewing the case as one in which there had been a valid conditional sale good as against creditors. If the sale had been of that character, we think the decision would have been correct; but, being a fraudulent one, it was void as to the trustee. Under the present bankrupt act, as under previous bankrupt acts, the trustee takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it, and subject to all the equities impressed upon it in the hands of the bankrupt, except in cases where there has been a conveyance or incumbrance of the property which is void as against the trustee by some positive provision of the act. Winsor v. McLellan, 2 Story, 492, Fed. Cas. No. 17,887; Allen v. Massey, 17 Wall. 351, 21 L. Ed. 542; Donaldson v. Farwell, 93 U. S. 631, 634, 23 L. Ed. 993; Yeatman v. Institution, 95 U. S. 764, 24 L. Ed. 589; Adams v. Collier, 122 U. S. 382, 7 Sup. Ct. 1208, 30 L. Ed. 1207; Norton v. Hood, 124 U. S. 20, 8 Sup. Ct. 357, 31 L. Ed. 364; Chattanooga

Nat. Bank v. Rome Iron Co. (C. C.) 102 Fed. 755. It is not the meaning of the present act that the institution of proceedings in bankruptcy should secure immunity to the title of fraudulent vendors or mortgagors, and deprive creditors of a resort to property out of which, but for the proceeding, they could have satisfied their claims. Section 70 declares in express terms that the title of the bankrupt shall vest in the trustee to "all property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." That language is sufficiently comprehensive to vest the trustee with title to all property of the bankrupt as against the fraudulent title of another.

The order is reversed, with costs.