## In re RASMUSSEN'S ESTATE.

(District Court, D. Oregon. March 17, 1905.)

### No. 872.

BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—CONDITIONAL SALES.

 Property which was delivered to a purchaser for the purpose of sale by him in the usual course of his business passes to his trustee in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], notwithstanding a contract by which the seller reserved title until payment should be made, with the right to take possession at any time; such contract being fraudulent and void as against purchasers or creditors.

In Bankruptcy. On review of order of referee.

Bauer & Greene, for trustee.

R. L. Conner, Coovert & Stapleton, and Cake & Cake, for creditors.

BELLINGER, District Judge. Rasmussen, a merchant dealing in farm implements, etc., at Sheridan and at Dayton, in this state, became a voluntary bankrupt. The trustee in bankruptcy took possession of the merchandise, including machinery, implements, wagons, etc., in the two stores of the bankrupt. Thereafter the Syra-

cuse Chilled Plow Company; Reierson Machinery Company; International Harvester Company of America; Wallace, Corcoran & North, as agent for McSherry Manufacturing Company of Middletown, Ohio, and A. A. Cooper Wagon & Buggy Company of Dubuque, Iowa; the John Deere Plow Company; and Mitchell, Lewis & Staver Company—made demand on the trustee for the return of goods aggregating about $4,000 in value, on the ground that such goods had been delivered to the bankrupt on contracts of conditional sale by which title was reserved until the full purchase price was paid. The merchandise claimed was all shipped to the bankrupt on contracts by which the shippers retained title until the goods were paid for. In some cases, if not in all, notes were given for the price of the articles shipped. The notes given to the Reierson Machinery Company are payable two months after date, and they provide that the title, ownership, and possession of the property for which they are given do not pass from the machinery company until the notes are paid, and the company is authorized to declare the notes due, and to take possession of the property whenever they deem themselves "insecure"; and it is provided that, if the property "reverts" to the company, it may sell the same, and, after deducting expenses, apply the residue on the notes, and that any balance that may remain due upon the notes the bankrupt is to pay. These conditions are much the same as those contained in the contract in the case of Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285, except that the notes in the present case contain a condition (not material from any legal standpoint) to the effect that if the bankrupt sells, loans, or pledges the property, etc., or permits it to pass into the possession of any other party than the Reierson Company, the latter is empowered to enter the premises where the property is, and take the same away. The transaction, as evidenced by these conditions, to have any effect, must vest some right in the bankrupt, which it does not do if he gets neither title nor possession.

The contract of the Syracuse Chilled Plow Company reserves the right to retake the property if at any time the company feels insecure, and it provides that "if sales are made before payment they shall be made only in the regular course of business," and the proceeds are to be held as the property of the company, "in trust as collateral security" for the obligations of the bankrupt arising on the contract, and the bankrupt obliges himself to give the company collateral notes to secure any indebtedness which has already accrued, when requested. The contract of the Wallace, Corcoran & North Company, as agent for the McSherry Manufacturing Company, is one of sale, by its terms, with an acceptance by the purchaser of delivery f. o. b. cars at Middletown, Ohio, with a condition that the title and right of possession of the property, and of its proceeds in case of sale, are to remain in the seller until the property is paid for; and so of the contract of the A. A. Cooper Wagon & Buggy Company, the Mitchell, Lewis & Staver Company, and that of the John Deere Plow Company, with the added condition

136 F.—45

in the latter case that notes taken by John Deere Plow Company in settlement are "not accepted as payment but only as evidence of liability." The contract of the International Harvester Company in terms creates an agency in the bankrupt, by which the agent guaranties the sale of the property shipped at fixed prices; payments to be made in full upon a day named; title and ownership to remain in the company until payments are made.

The reservation of title in each of these contracts is inconsistent with the purpose for which the contract was made and the property delivered. In some of them there is not only a reservation of title, but of possession, with provisions for retaking the possession, which the vendor, by the terms of the writing, has never parted with. As a matter of fact, in all of these cases the property claimed was delivered to the vendee for sale in the usual course of his business as a merchant, and the various provisions relating to ownership and possession in the vendor are mere contrivances to secure the purchase price to the vendor, and are fraudulent in law, as against the other creditors of the vendee. "When the property is delivered to the vendee for consumption or sale, or to be dealt with in any way inconsistent with the ownership of the seller, or so as to destroy his lien or right of property, the transaction cannot be upheld as a conditional sale, and is a fraud upon the creditors of the vendee." In re Garcewich, 115 Fed. 87, 53 C. C. A. 510; In re Carpenter (D. C.) 125 Fed. 831; In re Howland (D. C.) 109 Fed. 869; In re Rodgers, 11 Am. Bankr. R. 93, 125 Fed. 169, 60 C. C. A. 567; In re Butterwick (D. C.) 131 Fed. 371. Such is the settled law, notwithstanding the principle that personal property may be sold and delivered under an agreement for the payment of the price at a future day, and the title remain in the vendor until the payment is made. And so in the state of New York, where agreements are upheld by which title does not vest until the price is paid, although there has been delivery of possession of the property sold, if the property is delivered for consumption, or for sale in the usual course of the vendee's business, the transaction is deemed fraudulent as against purchasers or creditors. In re Garcewich, supra.

In this state conditional sales have been upheld in several cases, but there is no case upholding such a sale where possession has been delivered for sale by the vendee, or other use inconsistent with the ownership of the seller. On the contrary, the law, as decided by the Supreme Court of the state, is against the validity of such a sale. In Orton v. Orton, 7 Or. 478, 33 Am. Rep. 717, a chattel mortgage duly registered was held void, as against creditors, where unlimited power was given the mortgagor to sell. In its opinion the court says, "Such an agreement was utterly inconsistent with his [the mortgagee's] claim under the mortgage, and annulled its provisions." In this decision the court merely enforced a rule of general application—that a possession that is inconsistent with the conveyance is a fraud in law. And the rule is necessarily the same whether the possession is retained by the vendor, or is transferred to the vendee, contrary to the conditions of the sale or inconsistently with its purpose.

The property claimed in the present case was delivered to the bankrupt with the intention that it should be sold by him in the course of his business as a merchant. The bankrupt's possession was in itself inconsistent with the express terms of some of the agreements of sale, and its purpose was inconsistent with all of them. If the provision of the bankrupt act which vests in the trustee property which prior to the filing of the petition the bankrupt "could by any means have transferred" is to have any application, it must operate to vest the property claimed in this case in the trustee.

The order of the referee directing the return of the property in question to the claimants is set aside, and the petition of the claimants is dismissed.