In re COHEN.

(District Court, E. D. New York. May 1, 1908.)

1. PRINCIPAL AND AGENT—RATIFICATION—ACCEPTANCE OF BENEFIT.

Where certain ranges sold under an alleged conditional sale contract were accepted by the buyer and installed in his buildings as contemplated, it was immaterial to the validity of such contract that the seller's offer was accepted by the buyer's alleged agent, whose authority was not proved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 649.]

2. BANKRUPTCY—PREFERENCES.

Where stoves sold to a bankrupt for installation in his buildings, under a conditional contract of sale, were actually delivered, accepted, and used therein, such conditional sale contract, if otherwise valid, was not objectionable as a preference, though made within four months prior to bankruptcy.

3. SALES—CONDITIONAL SALES—VALIDITY.

Where ranges were sold to a bankrupt under a conditional contract of sale, the vendor's property therein before payment of the price as against the bankrupt's trustee was not impaired by the fact that use of the ranges on the buyer's property was inconsistent with the idea of a return to the seller, nor because of the claim that the ranges became a part of the real estate, and were therefore incapable of continued ownership in the vendor.

4. SAME—CONDITIONAL CONTRACT—CONSTRUCTION.

A letter written by the seller of certain steel ranges for installation in the buyer's flat buildings contained below the date line and above the address a statement that the title to all goods delivered should vest in the vendor until fully paid for. The letter offered to furnish a certain number of ranges in question to the bankrupt on certain terms, and, on being received, was accepted by the buyer through his agent, and returned to the seller, by whom it was duly filed, as a conditional sale as required by Laws N. Y. 1904, p. 1696, c. 698. *Held*, that such letter did not contain a fraudulent or secret condition, and was sufficient in form to constitute a valid conditional sale.

Miles Rosenbluth, for Union Stove Works.
Charles J. Belfer, for trustee.

CHATFIELD, District Judge. The petitioner asks for an order giving him leave to foreclose a lien upon, or to bring an action for the recovery of, certain stoves, or that, in the alternative, the trustee be directed to pay in full the balance of the purchase price for said stoves, which were delivered to and set up in a number of houses built by the bankrupt, and which have been used by the occupants of these houses in such a manner that their removal would presumably render the houses uninhabitable, unless others should be installed. The stoves were sold upon a memorandum, accepted by an agent of the owner, and this memorandum is in the following form:

"Established 1834.                                    Foundries at Peekskill, N. Y.
                    "The Union Stove Works.
"Manufacturers of Stoves, Ranges, Furnaces. etc., Gas Ranges, Hot Plates,
                    and Heaters in Every Variety.
                    "70 Beekman & 66–68 Gold St.
"Officers:
                                    "New York, U. S. A., Oct. 28, 1907.
"All estimates given subject to stoppage of our works through strikes, fire breakdowns or other serious accidents and credit is subject to withdrawal if unfavorable contingencies arise before buildings are ready for our goods.

"The title to all goods delivered to vest in the vendor until fully paid for.

"Mr. Max Cohen, 425 Bushwick Ave., Brooklyn, N. Y.—Dear Sir: For and in consideration of the sum of $15 for each range, we will furnish, deliver and set the plumbing connection, in your new buildings on Northeast corner of Rockaway and Dumont Aves., Brooklyn, 69 of our No. 70 Astors with water back and couplings. Ranges to be blacked and connected with the flues of the chimneys as we find them and as provided by you. Terms of payment to be 30 days net or 2% for cash in 10 days.

       "Yours truly,                                    The Union Stove Works.
"Max Cohen.
"The above is accepted by Max Danziger. Corrected Dec. 10/07.
                                    "12/3576/ "

The creditor caused this written memorandum, as accepted, to be filed in the office of the register of the county of Kings, under the provisions of the laws of New York (chapter 698, p. 1696, Laws 1904), and the record of this agreement was indexed under block 1453 of the land map of the county of Kings in section 5.

It is claimed by the creditor that he has a right to foreclose his alleged lien, under the provisions of section 1757 of the Code of Civil Procedure of New York, and he asserts that this memorandum agreement which he has filed is either a conditional bill of sale or a chattel mortgage. It is admitted by both parties that the sum of $1,065, with interest, is due, and no apparent question is raised as to the reasonableness of the amount claimed. The attorney for the trustee objects to the making of any order upon this application, upon the ground that the signature by an agent does not prove the execution of the instrument, which was neither acknowledged nor witnessed. It is unnecessary to consider this point, inasmuch as the ranges were received upon the property and used and accepted by the owner, and, if the memorandum is sufficient to give notice to creditors, under the recording act above referred to, the vendor of the ranges should be entitled to his rights thereunder. The trustee also contends that the alleged conditional sale was a preference, inasmuch as it occurred

within the four months prior to the filing of the petition in bankruptcy, but the transaction, being for value, and the goods having been actually delivered, it is difficult to see on what ground the claim of preference is based, if the requirements of the statute as to a chattel mortgage or conditional bill of sale were observed. Neither does the contention of the trustee that the ranges being intended for a use inconsistent with the idea of return (inasmuch as the ranges would be secondhand after heating) seem to be sufficient. Nor are the ranges such property as must necessarily have become a part of the real estate, nor incapable of continued ownership in the vendor.

The important question which is raised by the trustee, and about which there seems to be room for argument, is whether the instrument in question, which has been set forth at length, is in form either a chattel mortgage or a conditional bill of sale, and whether it was made under such circumstances, and is in such form, as to constitute an agreement with the purchaser that the title to the goods did not pass to the purchaser at the time of delivery. In re Garcewich, 115 Fed. 87, 53 C. C. A. 510. In the case of In re Geo. Hassam (D. C.) 153 Fed. 932, 18 Am. Bankr. R. 745, a pretended conditional sale was held to be secret and a fraudulent attempt to create a lien, inasmuch as the words reserving the title were printed upon the back of the instrument, and the evidence showed that no agreement to that effect was actually entered into. In the case at bar the paper is in form a letter head, in all respects constituting merely a memorandum of sale on credit, except for the clause printed upon the face of the memorandum, to the effect that "the title to all goods delivered to vest in the vendor until fully paid for." This paragraph, while not a part of the proposition addressed to Max Cohen, is included below the date line and is in plain sight upon the instrument. As between the Union Stove Works and Max Cohen, some question might arise, inasmuch as the offer was accepted by one Max Danziger, and no evidence is furnished to indicate who Max Danziger is. The acceptance of a contract by an agent must be ratified by the principals, unless the authority of the agent is shown by some other evidence than that of the statement of the agent himself. If Max Cohen had repudiated the transaction, the Union Stove Works might have had difficulty in sustaining the validity of its contract with him; but, as shown by the affidavits upon this motion, the contract was carried out on the part of the principal, Cohen. The stoves were received, set in the buildings, and used, and Cohen has apparently taken advantage of the contract. This is equivalent to ratification.

As between the Union Stove Works and the creditors of Cohen, the provisions of chapter 698 of the Laws of 1904 of the state of New York must have been complied with before creditors can be deemed to have notice of a conditional bill of sale. If the requirements of chapter 698 are met, there is no reason to consider that either the creditors or the purchaser himself were not apprised of the fact that the sale in question was considered conditional by the Union Stove Works, and that they intended to insist on their rights. Chapter 698 amends the lien law by providing that a conditional sale, with immediate delivery of the chattels sold, shall be void unless filed in com-

pliance with the provisions of that act, and household goods, to be attached or affixed to a building, are included within the provisions of the law. No objection is made that the provisions of the law have not been complied with, and no defect in the method of complying with the requirements of the statutes is pointed out. The criticism of the trustee is directed entirely to the form of the conditional bill of sale iself, and an attempt is made to bring it within the provisions of the Hassam Case above cited. It does not seem to the court that any such fraudulent or secret condition is shown here. The purchaser is not a party raising objection, and, in fact, no objection has been raised on his behalf. When filed, the contract would set forth the reservation of title as plainly as any other statement contained therein, and the very fact of filing is, as has been said before, evidence of the intent of the parties and of the nature of the paper.

In the absence of any testimony indicating deception on the part of the Union Stove Works or lack of knowledge on the part of the purchaser, the conditional bill of sale must be upheld; and, inasmuch as the goods have not been paid for, the vendor is entitled to relief. The present motion was made for leave to foreclose the lien or for a direction to the trustee to pay the balance due upon the property. It is unnecessary to determine which of these reliefs may be had, that can be taken up between the trustee and the creditor, and will be pro vided for upon the settlement of an order upon this motion.