### FLANDERS MOTOR CO. v. REED.

(Circuit Court of Appeals, First Circuit. February 17, 1915.)

#### No. 1053.

1. APPEAL AND ERROR ☞900—REVIEW—AGREED STATEMENTS OF FACTS.

That a proceeding to reclaim from the possession of a trustee in bankruptcy property claimed to have been sold to the bankrupt conditionally was submitted on agreed statements of fact did not restrict the power of the court to draw inferences of fact, as the law and the facts were reviewable as fully as in ordinary equity appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3667–3669; Dec. Dig. ☞900.]

2. BANKRUPTCY ☞140—OWNERSHIP OF PROPERTY—CONDITIONAL SALES.

By a contract between an automobile manufacturer and a dealer, the manufacturer agreed to sell automobiles to the dealer at specified discounts from list prices for resale in certain territory. The contract also provided that on orders for automobile parts the dealer should be allowed a specified discount from list prices, and that title to each automobile and all parts should not pass to the dealer until paid for. There was no provision requiring the dealer to keep such parts distinct from other goods, or to keep the proceeds in case of sale separate, and the dealer sold and delivered parts, for which payment had not been made, as if they were his own, in the ordinary course of his business, and without keeping the proceeds separate from other moneys. The manufacturer knew and recognized what was being done in this respect without objection. *Held*, that there was no bona fide reservation of title, but only a pretended reservation, as a safeguard in case of need, but not otherwise to govern the rights of the parties or the course of dealings; and hence the manufacturer was not entitled to retake parts in the possession of the dealer when he became bankrupt from his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ☞140.]

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Proceeding by the Flanders Motor Company against George W. Reed, trustee. From an order (In ·re Harrington, 212 Fed. 542), affirming an order of the referee in bankruptcy, dismissing a petition to·reclaim property from the possession of the trustee, the Motor Company appeals. Affirmed.

Percy W. Carver, of Boston, Mass. (Carver & Carver, of Boston, Mass., on the brief), for appellant.

George W. Reed, of Boston, Mass., for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

DODGE, Circuit Judge. [1] The questions here arising were submitted first to the referee and afterward to the District Court on an

"agreed statement of facts," supplemented by a statement of "further agreed facts" and by certain documents made part of the facts agreed by reference in the statements thereof. We find no reason to believe that, in these proceedings, such a submission restricts the power of the court to draw inferences of fact, because we are judges alike of the law and the facts as fully as in ordinary equity appeals.

[2] The petitioner sought to reclaim certain automobile parts claimed to be its property, though in the bankrupts' possession at the time of the bankruptcy. The District Court affirmed the referee's order dismissing the petition. 212 Fed. 542. The parts in question had been furnished to the bankrupts by the Metzger Motor Car Company, of Detroit, in pursuance of a written agreement dated June 28, 1911 (Exhibit D). Though the bankrupts had not kept the parts so furnished separate from their other goods, the trustee was able to separate them after the bankruptcy, and had done so. The petitioner had succeeded to all the Metzger Company's rights.

By Exhibit D the Metzger Company gave the bankrupts the right to sell "Everitt" automobiles within a certain territory, and agreed to sell "Everitt" cars to them, at specified discounts from specified list prices, f. o. b. at Detroit. Another clause of Exhibit D provided that "on orders for parts" the bankrupts should "be allowed 30 per cent. discount from the last list prices" established by the Metzger Company.

Clause 9 of Exhibit D provided that the title to each and every automobile, and to all automobile parts furnished, should not pass to the bankrupts until the same were paid for in full in cash.

There is nothing in the record to show whether or not any cars were actually furnished under the agreement, or, if any, how many were furnished, or what course of dealing was followed regarding them.

According to the first agreed statement of facts, a "great many parts applicable for use in said 'Everitt' cars were furnished"; and the questions here involved relate only to the parts thus furnished. Payment for them in full never having been made, the petitioner asserts that title to them never passed.

The case, as the opinion below states, is to be determined according to the law of Massachusetts, which does not make recording necessary to the validity of an agreement for conditional sale. If the provision for reservation of title in clause 9 expresses an agreement made in good faith, intended by both parties to be actually observed according to its terms in their dealings regarding the parts in question, and in fact so observed by them until the bankruptcy, the petitioner is entitled to the parts as against the bankrupts' trustee.

We do not find in the 14 other clauses of Exhibit D, containing numerous other stipulations between the parties as to their contemplated dealings with the goods to be furnished, any provisions adapted to secure such dealings with the parts furnished or their proceeds, while in the bankrupts' hands, as it would be natural to expect, had retention of title by the vendor been what the parties really intended by their agreement, taken as a whole. Thus, as the opinion below points out, there were no provisions either that the proceeds should be the vendor's in case of sales made by the bankrupts or that the

,parts should be kept distinct in any way from the bankrupts' other goods until sold, or that the parts remaining unsold at the end of the year for which the agreement was to continue should be returned to the vendor. In all these respects the agreement in Ludvigh v. American Woolen Co., 231 U. S. 522, 34 Sup. Ct. 161, 58 L. Ed. 345, upon which the petitioner relies, differed from the agreement here.

As to the course of dealing followed with regard to the parts or their proceeds, the bankrupts sold and delivered the parts on hand as · if they were their own, in the ordinary course of their business, and without keeping the proceeds, of such sales in any way distinct from their other moneys. The parts so sold, of course, became parts of the machines to repair which they were bought from the bankrupts. The petitioner, knowing that the parts furnished, and the proceeds thereof, were being thus dealt with by the bankrupts, recognized what was being done without objection. This seems to us evident, as it did to the District Court, from the petitioner's letter to the bankrupts of October 31, 1912.

Referring again to Ludvigh v. American Woolen Co., above cited, not only did the agreement under which goods were furnished to the bankrupt in that case differ in the above respects from the agreement here; but a very different course of dealing between the parties appears to have been followed with respect to the goods furnished or their proceeds. The proceeds from sales of the goods made by the bankrupt were regularly turned over to the consignor, checks given the bankrupt in payment for such goods were regularly indorsed by the consignor as well as by the bankrupt, and the consignor, through a representative of its own in the bankrupt's place of business, had kept its own account of such sales.

The District Court held the trustee in that case entitled to the goods, notwithstanding the attempted reservation of title (176 Fed. 155); the Court of Appeals reaching the contrary result (188 Fed. 30, 110 C. C. A. 180), and the decision of the Court of Appeals being affirmed by the Supreme Court. In the opinion of the Court of Appeals it was said (188 Fed. 30, 33, 110 C. C. A. 180, 183):

"Contracts of sale under which title is to remain in the vendor, although the vendee may consume the goods, or sell them and apply the proceeds to his own use, are fraudulent as to creditors, because the stipulation that title is to remain in the vendor is entirely inconsistent with the purpose of the contract"

—citing the decision of the same court in Re Garcewich, 115 Fed. 87, 53 C. C. A. 510. In the case at bar there were no provisions to prevent the vendee from thus consuming the goods, or selling them and applying the proceeds to his own use, and Re Garcewich therefore applies.

In view of the agreement, and of all that appeared regarding the dealings of the parties under it, with reference to these parts and their proceeds, we think it was rightly held that the mere presence in the agreement of the terms expressed in paragraph 9 did not go far enough, as against the indications to the contrary, to establish a bona fide understanding between the parties that the goods should, for all purposes, be the petitioner's until the bankrupts had fully paid for

them. We think the conclusion of the District Court sufficiently supported, that both the consignor and the bankrupts are to be regarded as having intended paragraph 9 to be a safeguard in case of need, but not otherwise to govern their rights or the course of dealing between them.

The judgment of the District Court is affirmed, and the appellee recovers his costs of appeal.