## GUARANTY SECURITY CORPORATION v. REED et al. (two cases).

(Circuit Court of Appeals, First Circuit.  June 12, 1924.)

Nos. 1750, 1751.

1. Bankruptcy ⬡166(4)—Payment secured by threats of arrest held preference.
     Where, on defendant threatening bankrupt's officers with arrest for failing to pay loans made by defendant on security of title to automobiles, which bankrupt had sold, bankrupt on August 10th, while insolvent, paid defendant $10,000 on loans, and adjudication followed on September

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

11th, and defendant had reasonable cause to believe that payment would effect a preference, *held*, that it was a voidable preference.

**2. Bankruptcy ⬅140(1)—Conditional bills of sale held valid as against trustee.**

Conditional bills of sale or leases, under which defendant held title to automobiles in dealer's possession as security for loans, *held* valid as against trustee in bankruptcy, under laws of Massachusetts.

**3. Bankruptcy ⬅303(3)—Evidence held to warrant finding that conditional seller obtained title to automobiles.**

Evidence that automobiles were paid for by defendant, put in a warehouse in its name, and later delivered to bankrupt dealer under instruments of lease or conditional sale, containing usual provisions as to retention of title, *held* to warrant finding that defendant obtained title to automobiles.

**4. Costs ⬅230—No costs awarded either party, where each party prevails in one case on a consolidated record.**

Where two cases between the same parties are before the appellate court on a consolidated record, and each party prevails in one case, no costs in that court will be awarded either party.

Appeals from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Separate actions by George W. Reed and others, trustees, against the Guaranty Security Corporation. From decrees for plaintiffs (291 Fed. 580), defendant appeals. Decree in one case affirmed, and decree in the other case reversed and remanded for further proceedings.

J. C. Johnston, of Boston, Mass., for appellant.
George W. Reed, of Boston, Mass., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. [1] In these two preference suits the trustees in bankruptcy of the Massachusetts Motors Company prevailed; in No. 1750, the decree was for $10,000; in No. 1751, for $8,318. The salient facts are stated by the District Court as follows:

"The defendant lent money to the bankrupt and took as security instruments covering certain motor cars, one of the terms of the instrument being that title to the cars should not pass till the loans were paid. By the arrangement between the parties, as soon as a car was sold the loan on that car was to be paid at once. This arrangement was carried out at first, but late in July the defendant learned that the bankrupt had sold cars without paying the loans on them. The amount of indebtedness on this account was about $21,-000. The defendant threatened the officers of the bankrupt with arrest if this amount was not paid. Finally, on August 10, $10,000 was paid to the defendant, and this payment is alleged to be a preference. After this, on the 25th of August, the defendant took possession of all the cars on which it had loaned money. Three days afterwards an involuntary petition in bankruptcy was filed against the bankrupt."

Adjudication followed on September 11, 1920.

The court below also found that the bankrupt was insolvent as early as July, 1920, and that, when the defendant received the payment of $10,000 on August 10, it received a greater percentage of its debt than other creditors of the same class, and that it had reasonable cause to believe that a preference would be effected.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The evidence fully warranted these findings. The decree in No. 1750 must be affirmed.

[2] But in the other case a different problem is presented. On August 25, 1920, the defendant seized and afterwards sold for $8,318 ten cars which the bankrupt then held under conditional bills of sale, or leases, running from the defendant. If these instruments were invalid as against trustees in bankruptcy, there was a preference; otherwise, not. As to this point, the District Court said:

"The defendant contends, however, that as it retained title to the motor cars it could take possession of them at any time. This contention is unsound. The cars were given into the possession of the bankrupt to enable them to be sold. Persons dealing with the bankrupt had no means of knowing that the cars did not belong to it; the defendant thus enabled the bankrupt to obtain a false credit. Under such circumstances a conditional sale is void as against a trustee in bankruptcy."

We think this ruling cannot be sustained. The point is covered by the decision of this court in Federal Finance Co. v. Reed, 296 Fed. 1, decided February 26, 1924. This is apparently recognized by the plaintiffs, and they seek to distinguish the instant case by contending that the defendant had never acquired title to these cars, and that therefore the instruments of conditional sale were void. Possibly, from the conflicting evidence as to the loose course of business carried on between the defendant and the bankrupt, the court below might have been warranted in finding that title to these cars passed directly from the manufacturer to the bankrupt. But the District Court did not so find. On the contrary, the necessary implication from the above quotation is that the court found that the defendant obtained title and lost it—under the doctrine of constructive fraud arising from ostensible ownership—a doctrine which this court was, in the Federal Finance Case, supra, constrained to hold not to be the law in Massachusetts.

[3] There was evidence warranting this finding that the defendant obtained title to these cars; for there was testimony to the effect that the cars were paid for by the defendant, put in a storage warehouse in the name of the defendant, and that later they were taken out of the warehouse and delivered to the bankrupt under the instruments of lease or conditional sale containing the usual provision as to the retention of title until the cars should be paid for.

On such a record we cannot sustain plaintiff's contention that defendant never in fact got title to these cars; nor can we sustain the ruling of the court below—that the defendant, having title, lost it by turning the cars over to the plaintiff under conditional bills of sale.

Perhaps we should add that there are no findings to bring this case within the doctrine laid down in Guaranty Security Corporation v. Eastern Steamship Co., 241 Mass. 120, 134 N. E. 364. Compare In re Harrington (D. C.) 212 Fed. 542; Flanders Motor Co. v. Reed, 220 Fed. 642, 136 C. C. A. 250.

It follows that in No. 1751 the decree must be reversed and the bill dismissed.

[4] As the two cases are here on a consolidated record, and as each

party prevails in one case, no costs should be awarded either party in this court.

In No. 1750, the decree of the District Court is affirmed.

In No. 1751, the decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.